FARLEY v CARP
WREN v SOUTHFIELD REHABILITATION COMPANY
ELLIS v HENRY FORD HEALTH SYSTEM

Docket Nos. 283405, 283418, 283726, 283727, 284319, and 284681.
Submitted July 15, 2009, at Detroit. Decided January 5, 2010, at
9:00 a.m.

Elizabeth Farley, as personal representative of the estate of Franklin
Farley, deceased, brought an action in the Wayne Circuit Court
against Nevine M. Carp, M.D.; Advanced Cardiovascular Health
Specialists, P.C.; Garden City Hospital, Osteopathic; and others,
alleging medical malpractice. The court, Louis F. Simmons, Jr., J.,
denied a motion for summary disposition by Advanced Cardiovascu-
lar and Garden City Hospital that alleged that the action was not
timely. Defendants subsequently moved for rehearing in light of the
Supreme Court's decision in *Waltz v Wyse*, 469 Mich 642 (2004), but
the trial court denied the motion. Advanced Cardiovascular and
Garden City Hospital appealed separately by leave granted, and the
appeals were consolidated by the Court of Appeals. 266 Mich App 566
(2005). The Court of Appeals held that *Waltz* applied retroactively
and reversed and remanded the case to the trial court for entry of
summary disposition in defendants' favor. The Supreme Court denied
plaintiff's application for leave to appeal. 474 Mich 1020 (2006). The
trial court, Robert J. Colombo, Jr., J., did not thereafter enter an order
granting summary disposition in favor of defendants, but, instead,
entered an order reinstating the case. Advanced Cardiovascular and
Garden City Hospital appealed separately by leave granted.

Kirt Wren, as personal representative of the estate of Hiram Dent,
deceased, brought a medical malpractice action in the Wayne Circuit
Court against Southfield Rehabilitation Company, doing business as
Great Lakes Rehabilitation Hospital; St. John Riverview Hospital;
and Mohammed S. Siddiqui, D.O. The trial court, Robert J. Colombo,
Jr., J., granted summary disposition in favor of defendants on the
basis that the action was not timely filed. Plaintiff appealed, and the
Court of Appeals affirmed in an unpublished opinion per curiam,
issued March 13, 2007 (Docket No. 267024). The trial court thereaf-
ter granted plaintiff's motion for relief from the judgment and
reinstated the case. Southfield Rehabilitation Company and St. John
Riverview Hospital appealed separately by leave granted.

Labaron Ellis and Thomas J. Edmunds, as copersonal represen-
tatives of the estate of Saundra L. Edmunds, deceased, brought a
medical malpractice action in the Wayne Circuit Court against Henry
Ford Health System, doing business as Henry Ford Hospital; Sachin
Goel, M.D.; and others. Defendants moved for summary disposition
on the basis that the action was not timely filed. The trial court,
Wendy M. Baxter, J., denied the motion. The court thereafter entered
an order granting relief from that order and dismissed the action.
Plaintiffs thereafter moved to reinstate the action, and the trial court,
Cynthia D. Stephens, J., granted the motion. Defendants appealed by
leave granted. The Court of Appeals consolidated the cases for
purposes of argument and decision.

The Court of Appeals *held*:

1. The Court of Appeals decision in *Kidder v Ptacin*, 284 Mich
App 166 (2009), controls the outcome of the *Wren* case, and its
reasoning applies to the determination of the *Farley* and *Ellis*
cases. *Kidder* held that relief from a judgment is not appropriate
where the case has been dismissed in accordance with a directive
of the Court of Appeals and the appellate process has been
concluded. The *Kidder* principle also applies where the trial court
has previously dismissed a case and no appeal has been taken and
where the trial court has not yet complied with a directive of the
Court of Appeals to dismiss the case.

2. If relief from judgment should not be granted under MCR
2.612(C)(1)(f) where a party sleeps on their appellate rights by
failing to seek leave to appeal in the Supreme Court from an
adverse ruling in the Court of Appeals, then relief from judgment
is not appropriate where the party never even pursues an appeal
from the trial court's ruling to the Court of Appeals.

3. Relief from judgment under MCR 2.612(C)(1)(f) is inappro-
priate where a party has not sought appellate review of a trial
court's final order and the basis for relief from judgment is a
subsequent appellate decision in a different case.

4. The trial court in *Farley* was required to follow the direc-
tions of the Court of Appeals to grant defendants summary
disposition. Once the trial court complies with that directive, it is
precluded from granting relief from judgment under the law of the
case doctrine. The orders of the trial courts in all three cases that
reinstated the cases must be vacated and the cases must be
remanded for the entry of orders of summary disposition in favor
of defendants.

Vacated and remanded.

BORRELLO, J., dissenting, stated his agreement with the majority that the Court of Appeals is bound by MCR 7.215(J)(1) to follow *Kidder* in *Wren* and *Ellis* but also stated his opinion that *Kidder* was wrongly decided and a conflict should be declared under MCR 7.215(J)(2). The majority errs by holding that *Kidder* controls the outcome in *Farley* because *Farley* is factually distinguishable from *Kidder* in that the *Farley* plaintiff availed herself of the appellate process while the plaintiff in *Kidder* failed to appeal the judgment of the Court of Appeals. It should be concluded that the trial court did not abuse its discretion by reinstating the *Farley* case because MCR 2.612(C)(1)(f) gives a trial court authority to relieve a party from a judgment.

1. JUDGMENTS — RELIEF FROM JUDGMENTS.

Relief from a judgment of a trial court is not appropriate where the case has been dismissed in accordance with a directive of the Court of Appeals and the appellate process has been concluded or where the trial court has yet to comply with the directive of the Court of Appeals to dismiss the case.

2. JUDGMENTS — RELIEF FROM JUDGMENTS.

Relief from a judgment should not be granted under MCR 2.612(C)(1)(f) where a party sleeps on their appellate rights by failing to seek leave to appeal in the Supreme Court from an adverse ruling in the Court of Appeals; relief from a judgment is not appropriate where the party never pursues an appeal from the trial court's ruling to the Court of Appeals.

3. JUDGMENTS — RELIEF FROM JUDGMENTS.

Relief from a judgment under MCR 2.612(C)(1)(f) is inappropriate where a party has not sought appellate review of the trial court's final order and the basis on which relief from the judgment is sought is a subsequent appellate decision in a different case.

*McKeen & Associates, P.C.* (by *Euel W. Kinsey*), for Elizabeth Farley.

*Mindell, Malin, Kutinsky, Stone & Blatnikoff* (by *Glenn H. Oliver*) for Kirt Wren.

*Mark Granzotto, P.C.* (by *Mark R. Granzotto*), and *The Thurswell Law Firm* (by *Judith A. Susskind*) for Labaron Ellis and Thomas J. Edmunds.

*Plunkett Cooney* (by *Robert G. Kamenec*) for Advanced Cardiovascular Health Specialists, P.C.

*Feikens, Stevens, Kennedy & Galbraith, P.C.* (by *Jeffrey Feikens*), for Garden City Hospital, Osteopathic.

*Merry, Farnen & Ryan, P.C.* (by *Cynthia E. Merry* and *John J. Schutza*), for St. John Riverview Hospital.

*Ramar & Paradiso, P.C.* (by *John J. Ramar*), for Southfield Rehabilitation Company.

*Ramar & Paradiso, P.C.* (by *Anthony J. Paradiso* and *Carmine G. Paterra*), for Henry Ford Health System and others.

Before: SAAD, C.J., and SAWYER and BORRELLO, JJ.

SAWYER, J. This trio of cases provides us with the opportunity to determine the scope of the applicability of this Court's recent decision in *Kidder v Ptacin*,[1] which held that relief from a judgment was not appropriate where the case had been dismissed in accordance with a directive of this Court and the appellate process had been concluded. Although originally submitted as three separate cases, because of the common issue presented in light of *Kidder*, on our own motion we consolidated these cases for purposes of argument and decision. In these appeals, we hold that the *Kidder* principle also applies where the trial court had previously dismissed a case and no appeal had been taken and where the trial court had not yet complied with this Court's earlier directive.

Our decision in *Kidder* considered the application of the Supreme Court's decision in *Mullins v St Joseph*

---

[1] 284 Mich App 166; 771 NW2d 806 (2009).

*Mercy Hosp*[2] to cases that had been previously decided by this Court under *Waltz v Wyse*[3] resulting in summary dispositions in favor of the defendants in certain medical malpractice actions. The Supreme Court's order in *Mullins* had reversed this Court's holding that *Waltz* was to be given full retroactive effect. The Supreme Court's order in *Mullins*[4] held that *Waltz* was not to be applied to any action filed after the decision in *Omelenchuk v City of Warren*[5] in which the saving period had expired within 182 days after the decision in *Waltz*. In *Kidder*, this Court, in a prior unpublished opinion per curiam issued before the Supreme Court's order in *Mullins*, applied the decision in *Waltz*, concluding that the plaintiff's suit was not timely, and reversed and remanded the matter to the trial court with instructions to grant summary disposition to the defendants.[6] The trial court complied with this Court's directions and dismissed the case.[7] Thereafter, the Supreme Court entered its order in *Mullins*. Because the plaintiff in *Kidder* would have prevailed under the *Mullins* holding, the plaintiff in *Kidder* moved for relief from judgment, which the trial court granted and reinstated the plaintiff's case.[8]

The defendants appealed, arguing that, under the law of the case doctrine, the trial court was obliged to follow this Court's previous directions to dismiss the case. This Court agreed and again ordered the trial court to grant summary disposition in favor of the defendants.[9]

[2] 480 Mich 948 (2007).

[3] 469 Mich 642; 677 NW2d 813 (2004).

[4] *Mullins, supra* at 948.

[5] 461 Mich 567; 609 NW2d 177 (2000).

[6] *Kidder, supra* at 168-169.

[7] *Id.* at 169.

[8] *Id.*

[9] *Id.* at 171.

The three cases before us present a variation on the facts of *Kidder*. In each case, we conclude that *Kidder* either directly controls the outcome of the case or that at least the reasoning in *Kidder* applies and judgment for defendants is appropriate.

Of the three cases, perhaps the easiest to resolve is *Wren* (Docket Nos. 283726 and 283727), because the procedural facts are essentially identical to *Kidder*. In both *Wren* and *Kidder*, this Court issued an opinion before the Supreme Court's order in *Mullins*, which applied *Waltz* retroactively and concluded that the cases were untimely filed.[10] Thus, both cases were concluded at the time the Supreme Court entered its order in *Mullins*, and the plaintiffs in both cases sought to have their cases reinstated in light of *Mullins*. In both cases, the trial court ultimately granted relief from judgment in light of *Mullins* and ordered the cases reinstated.[11] Given that *Wren* is in the same procedural posture as *Kidder*, *Kidder* directly controls the outcome of *Wren*. Therefore, we conclude that, in light of *Kidder*, the trial court erred by reinstating plaintiff's cause of action. We vacate the trial court's order in *Wren* reinstating this matter.

The situation in *Ellis* (Docket No. 284319) is somewhat different from *Kidder*, but we nonetheless believe that *Kidder* directs us to the same result. The difference

---

[10] There is one distinction between *Wren* and *Kidder* in this regard: in *Kidder*, the trial court had ruled in the plaintiff's favor and the prior appeal was an interlocutory appeal by the defendants seeking to have the case dismissed, while in *Wren* the trial court had dismissed the case and plaintiff appealed to this Court in the prior appeal. But we see no meaningful distinction in this slightly different procedural posture in the prior appeals.

[11] Another similarity of both *Kidder* and *Wren* is that in neither case did the plaintiffs seek leave to appeal in the Supreme Court after losing in this Court.

in *Ellis* is that plaintiffs never sought to appeal the trial court's original decision to dismiss the case in light of the retroactive application of *Waltz*. That is, the procedural posture of *Ellis* at the time that the Supreme Court entered its order in *Mullins* was that the trial court had granted defendants' motion and dismissed the case, with plaintiffs not taking an appeal from that decision. The Supreme Court issued its decision in *Mullins* nearly a year later, prompting plaintiffs to file their motion to reinstate the case, which the trial court granted.

Technically speaking, the law of the case doctrine does not apply here because there is not a decision of a higher court that is now binding on the lower court.[12] Despite that fact, however, it is not tenable that plaintiffs in this case should prevail while the plaintiffs in *Wren* and *Ellis* lose. In *Kidder*,[13] we made the following observation:

> MCR 2.612(C)(1)(f) is likewise inapplicable. Just as "equity aids the vigilant, not those who sleep on their rights," *Falk v State Bar of Michigan*, 411 Mich 63, 113 n 27; 305 NW2d 201 (1981) (RYAN, J., joined by MOODY and FITZGERALD, JJ.) (quotation marks and citations omitted), so does the appellate process. See *Lothian v Detroit*, 414 Mich 160, 175; 324 NW2d 9 (1982) (denying relief to an appellant who, "wholly apprised of the facts which constituted his cause of action, chose to sleep on his rights until a subsequent appellate court decision roused him to action"). The instant defendants were neither parties to *Mullins* nor among those similarly situated parties whose cases were pending in the appellate process. Instead, as earlier indicated, the dismissal of plaintiff's case had become final (an effective judgment). The interests of justice truly militate

---

[12] See *Kidder, supra* at 170.

[13] *Id.* at 171.

against allowing a defeated party's action to spring back to life because others have availed themselves of the appellate process.

If relief from judgment should not be granted under MCR 2.612(C)(1)(f) where a party sleeps on their appellate rights by failing to seek leave to appeal in the Supreme Court from an adverse ruling in this Court, then certainly relief from judgment is not appropriate where the party never even pursues an appeal from the trial court's ruling to this Court. To hold otherwise would allow plaintiffs' "action to spring back to life because others have availed themselves of the appellate process."[14]

We hold that relief from judgment under MCR 2.612(C)(1)(f) is inappropriate where a party has not sought appellate review of a trial court's final order and the basis for relief from judgment is a subsequent appellate decision in a different case. Accordingly, the trial court in *Ellis* erred by granting plaintiffs relief from judgment and reinstating their cause of action. We vacate that order and reinstate the trial court's original order dismissing the case with prejudice.

We finally turn to *Farley* (Docket Nos. 283405, 283418, and 284681), which presents the most distinct set of facts of this trio of cases. In *Farley*, there are two significant procedural differences from *Kidder* and *Wren*. First, in *Farley*, plaintiff did not sit on her appellate rights. After the adverse decision in this Court, she sought leave to appeal in the Supreme Court, which denied leave.[15] Second, the trial court never complied with this Court's directions on remand. That is, in our prior opinion, we directed the trial court to

---

[14] *Kidder, supra* at 171.

[15] *Farley v Advanced Cardiovascular Health Specialists, PC*, 474 Mich 1020 (2006).

enter an order granting defendants summary disposition.[16] The trial court never complied with that directive. Thus, the trial court never granted plaintiff relief from judgment after the Supreme Court's decision in *Mullins* because there was no trial court judgment to grant relief from.

We do not believe that either of these distinctions, however, requires a different result. The fact that the Supreme Court denied leave to appeal means that our earlier decision is now the final adjudication in this case and may be enforced according to its terms.[17] Furthermore, we cannot endorse a process by which relief can be obtained because the lower court chose to simply ignore the clear directive of the appellate court, allowing the case to languish until there is a change in law to justify the result that the lower court would like to apply.[18]

Simply put, the trial court had no alternative in this case other than to comply with the direction of this Court in our previous opinion. And once the trial court so complies, as discussed above, it is precluded from granting relief from judgment under the law of the case doctrine.

The orders of the trial courts reinstating these cases are vacated. The matters are remanded to the respective trial courts with direction to enter orders of summary disposition in favor of defendants. We do not retain jurisdiction. Costs to defendants.

---

[16] *Farley v Advanced Cardiovascular Health Specialists, PC*, 266 Mich App 566, 568-570; 703 NW2d 115 (2005).

[17] *Detroit v Gen Motors Corp*, 233 Mich App 132, 140; 592 NW2d 732 (1998).

[18] See *Cox v Flint Bd of Hosp Managers (On Remand)*, 243 Mich App 72, 93; 620 NW2d 859 (2000), and *Sumner v Gen Motors Corp (On Remand)*, 245 Mich App 653; 633 NW2d 1 (2001) (discussing the need for finality in this Court's judgments).

SAAD, C.J., concurred.

BORRELLO, J. (*dissenting*). I respectfully dissent from the majority's opinion in these consolidated cases. While I agree with the majority that we are bound by MCR 7.215(J)(1) to follow *Kidder v Ptacin*, 284 Mich App 166; 771 NW2d 806 (2009), in *Wren* (Docket Nos. 283726 and 283727) and *Ellis* (Docket No. 284319), because I am of the opinion that *Kidder* was wrongly decided, I would declare a conflict under MCR 7.215(J)(2). Furthermore, I disagree with the majority that *Kidder* controls the outcome in *Farley* (Docket Nos. 283405, 283418, and 284681) because *Farley* is factually distinguishable from *Kidder*. Contrary to the result reached by the majority, I would conclude that the trial court did not abuse its discretion by reinstating plaintiff's case in *Farley*.

I believe that the majority's reliance on *Kidder* in *Farley* is misplaced because the facts in *Farley* are distinguishable from the facts in *Kidder*. MCR 2.612(C)(1)(f) authorizes relief from judgment for "[a]ny other reason justifying relief from the operation of the judgment." In *Kidder*, this Court ruled that MCR 2.612(C)(1)(f) was inapplicable because the plaintiff in that case failed to appeal the judgment of this Court. *Kidder*, *supra* at 169, 171. In declining to apply MCR 2.612(C)(1)(f), this Court stated:

> Just as "equity aids the vigilant, not those who sleep on their rights," *Falk v State Bar of Michigan*, 411 Mich 63, 113 n 27; 305 NW2d 201 (1981) (RYAN, J., joined by MOODY and FITZGERALD, JJ.) (quotation marks and citations omitted), so does the appellate process. See *Lothian v Detroit*, 414 Mich 160, 175; 324 NW2d 9 (1982) (denying relief to an appellant who, "wholly apprised of the facts which constituted his cause of action, chose to sleep on his rights until a subsequent appellate court decision roused him to action"). . . . The interests of justice truly militate against

allowing a defeated party's action to spring back to life because others have availed themselves of the appellate process. [*Kidder*, *supra* at 171.]

As the majority notes, plaintiff in *Farley* did not sleep or sit on her appellate rights like the plaintiff in *Kidder*. To the contrary, plaintiff in *Farley* moved for reconsideration in this Court[1] and appealed this Court's decision to the Supreme Court, which denied leave to appeal.[2] Because plaintiff availed herself of the appellate process in *Farley*, *Kidder*'s reasoning for declining to apply MCR 2.612(C)(1)(f) is inapplicable here, and the interests of justice do not militate against allowing plaintiff to pursue her case. Rather, the interests of justice dictate a contrary result from that reached by my colleagues in the majority. Based on my review of the proceedings in the trial court, any reliance on *Kidder* to reverse the trial court's reinstatement of plaintiff's case in *Farley* is improper and unjust.

Although plaintiff's motion following the Supreme Court's decision in *Mullins v St Joseph Mercy Hosp*, 480 Mich 948(2007), was technically a motion to lift a stay rather than a motion to reinstate the case, the trial court noted on the record that it had not imposed a stay and treated plaintiff's motion as a motion to reinstate the case. " 'This Court reviews for abuse of discretion a trial court's decision concerning a motion to reinstate an action.' " *Kidder*, *supra* at 170, quoting *Wickings v Arctic Enterprises, Inc*, 244 Mich App 125, 138; 624 NW2d 197 (2000). The abuse of discretion standard recognizes " 'that there will be circumstances in which there will be no single correct outcome; rather, there

---

[1] *Farley v Carp*, unpublished order of the Court of Appeals, entered July 22, 2005 (Docket Nos. 256776, 256799, and 257988).

[2] *Farley v Advanced Cardiovascular Health Specialists, PC*, 474 Mich 1020 (2006).

will be more than one reasonable and principled outcome.' " *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006), quoting *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003). "An abuse of discretion occurs when the decision results in an outcome falling outside the principled range of outcomes." *Woodard v Custer*, 476 Mich 545, 557; 719 NW2d 842 (2006).

Unlike the majority, I would conclude that the trial court's reinstatement of plaintiff's case in *Farley* was not an abuse of discretion. Given the trial court's authority to relieve a party from a judgment under MCR 2.612(C)(1)(f) and the fact that plaintiff in *Farley* availed herself of the appellate process, I would conclude that *Kidder* is distinguishable and hold that the trial court's reinstatement of plaintiff's case in *Farley* did not fall outside the principled range of outcomes.