# SPECIAL ORDERS

*In this section are orders of the Court of general
interest to the bench and bar of the state.*

*Order Entered May 19, 2010:*

KING V MCPHERSON HOSPITAL, Docket No. 284436[*]. The Court orders
that a special panel will be convened pursuant to MCR 7.215(J) to resolve
the conflict between this case and *Farley v Carp*, 287 Mich App 1; 782
NW2d 508 (2010).

Docket No. 284436. Released April 27, 2010, at 9:00 a.m. Vacated May
19, 2010.

Before: DAVIS, P.J., and DONOFRIO and STEPHENS, JJ.

DONOFRIO, J. The issue in this case involves the wrongful death medical
malpractice statute of limitations. Plaintiff, Timothy King, successor per-
sonal representative of the estate of Andrew Baker, appeals a March 4, 2008,
order denying his motion to set aside the January 2007 dismissal of his
claims against defendants, McPherson Hospital, also known as Trinity
Health-Michigan ("McPherson"), Michael Briggs, D.O., Merle Hunter, M.D.,
and Emergency Physicians Medical Group, P.C. Plaintiff contends that the
trial court's order is erroneous because his action was timely filed under
*Mullins v St Joseph Mercy Hosp*, 480 Mich 948 (2007) (*Mullins II*). This
Court initially denied plaintiff's application for leave to appeal the March 4
order, *King v McPherson Hosp*, unpublished order of the Court of Appeals,
entered July 10, 2008 (Docket No. 284436), but our Supreme Court, in lieu
of granting leave to appeal, thereafter remanded the case to this Court for
consideration as on leave granted. *King v McPherson Hosp*, 482 Mich 1154
(2008).

Because this Court's recent decision in *Farley v Carp*, 287 Mich App
1; 782 NW2d 508 (2010) (*Farley II*), is dispositive of this appeal, and we
are bound to follow it by operation of MCR 7.215(C)(2) and MCR
7.215(J)(1), plaintiff's claim fails, and we affirm. However, in accordance
with MCR 7.215(J)(2), which provides that the conflict resolution proce-
dure is triggered when a panel of this Court "follows a prior published
decision only because it is required to do so by subrule (1)" we indicate

---

[*] Opinion by special panel reported at 290 Mich App 299 (2010)
—REPORTER.

our disagreement with the majority's holding in *Farley II*, and call for the convening of a special panel of this Court pursuant to MCR 7.215(J)(3).

I

Plaintiff's predecessor, Diana King ("King"),[1] filed her complaint on March 1, 2004, alleging that on September 6, 2001, her decedent, Baker, presented at McPherson Hospital complaining of vomiting and a fever. King alleged that defendants failed to diagnose Baker's encephalomyelitis, which led to his death on September 8, 2001. On March 12, 2004, King filed a first amended complaint correcting the board certifications of defendants Briggs and Hunter.

On September 20, 2004, defendants Hunter, Briggs, and Emergency Physicians Medical Group, P.C. ("the EPMG defendants"), filed a motion for summary disposition under MCR 2.116(C)(7), (8), and (10), arguing, in relevant part, that the statute of limitations barred King's complaint because she failed to file her complaint within two years after being appointed the personal representative of Baker's estate. The EPMG defendants relied on *Waltz v Wyse*, 469 Mich 642; 677 NW2d 813 (2004), reh den 470 Mich 1204 (2004), which held that sending a notice of intent under MCL 600.2912b does not toll the wrongful death saving period. The EPMG defendants also argued that *Waltz* applied retroactively. McPherson concurred with the EPMG defendants' motion.

On September 20, 2004, plaintiff was appointed successor personal representative. In response to the summary disposition motion, plaintiff argued, in pertinent part, that this case is distinguishable from *Waltz* because he mailed his notice of intent[2] within two years after the date of defendants' malpractice. Plaintiff also argued that *Waltz* cannot be applied retroactively and that his complaint was timely filed under *Omelenchuk v City of Warren*, 461 Mich 567; 609 NW2d 177 (2000), clarified and overruled in part in *Waltz*, 469 Mich at 652-655. Plaintiff further argued that the trial court should apply judicial tolling to the limitations period to save his cause of action. On October 27, 2004, the EPMG defendants filed a reply brief, arguing that plaintiff's interpretation of *Waltz* was erroneous and that *Waltz* applied retroactively. On October 28, 2004, the trial court denied defendants' motion, stating, "I'm satisfied that the case was timely filed."

On November 18, 2004, both McPherson and the EPMG defendants filed separate applications for leave to appeal with this Court in Docket Nos. 259136 and 259229, respectively. On January 25, 2005, this Court granted defendants' applications and consolidated the appeals. *King v Briggs*, unpublished order of the Court of Appeals, entered January 25, 2005 (Docket Nos. 259136 and 259229). On July 12, 2005, this Court reversed the trial court's decision on the basis that plaintiff's complaint

---

[1] Plaintiff Timothy King is the successor personal representative of Andrew Baker's estate.

[2] For the sake of simplicity, we do not distinguish between actions taken by King, as the initial personal representative, and plaintiff, as the successor personal representative.

was untimely pursuant to *Waltz*.[3] *King v Briggs*, unpublished opinion per curiam of the Court of Appeals, issued July 12, 2005 (Docket Nos. 259136 and 259229), slip op at 1-2. On August 2, 2005, plaintiff filed with this Court a motion for reconsideration, which this Court denied on August 25, 2005. *King v McPherson Hosp*, unpublished order of the Court of Appeals, entered August 25, 2005 (Docket Nos. 259136 and 259229). Thereafter, our Supreme Court denied plaintiff's application for leave to appeal, *King v Briggs*, 474 Mich 981 (2005), and his motion for reconsideration, *King v Briggs*, 474 Mich 1113 (2006).

On remand, the EPMG defendants filed a motion for entry of an order of dismissal. McPherson concurred with the motion. On January 26, 2007, the trial court granted the motion and dismissed plaintiff's claims. On February 15, 2007, plaintiff filed a claim of appeal with this Court, which this Court dismissed on jurisdictional grounds on April 11, 2007. *King v McPherson Hosp*, unpublished order of the Court of Appeals, entered April 11, 2007 (Docket No. 276287). Thereafter, plaintiff filed a motion for reconsideration, which this Court denied on June 1, 2007. *King v McPherson Hosp*, unpublished order of the Court of Appeals, entered June 1, 2007 (Docket No. 276287).

On November 28, 2007, our Supreme Court decided *Mullins II*, 480 Mich 948, stating, in pertinent part:

> We conclude that this Court's decision in *Waltz v Wyse*, 469 Mich 642 [677 NW2d 813] (2004), does not apply to any causes of action filed after *Omelenchuk v City of Warren*, 461 Mich 567 [609 NW2d 177] (2000), was decided in which the saving period expired, i.e., two years had elapsed since the personal representative was appointed, sometime between the date that *Omelenchuk* was decided and within 182 days after *Waltz* was decided. All other causes of action are controlled by *Waltz*.

On January 24, 2008, plaintiff filed a motion pursuant to MCR 2.612(C)(1) to set aside the trial court's order dismissing his claims relying on *Mullins II* and arguing that, with respect to this Court's previous opinion holding that plaintiff's claims were time-barred, the law of the case doctrine was inapplicable because an intervening change in the law existed. In response, McPherson argued that the trial court was required to deny plaintiff's motion pursuant to the law of the case doctrine, which it contended applied regardless of the intervening change in the law. McPherson also argued that the trial court lacked jurisdiction to grant relief under MCR 7.215(F)(1)(a) and that the holding in *Mullins II* did not reverse the previous appellate decisions in this case. Finally, McPherson argued that policy considerations favored the finality of

---

[3] This Court also determined that plaintiff, as the successor personal representative, did not have an additional two years under the wrongful death saving statute within which to file a claim. *King v Briggs*, unpublished opinion per curiam of the Court of Appeals, issued July 12, 2005 (Docket Nos. 259136 and 259229), slip op at 2. This issue, however, is not relevant to this appeal.

judgments. The EPMG defendants echoed McPherson's arguments and, in addition, contended that the trial court lacked authority to vacate a previous judgment of this Court and that MCR 2.612(C)(1)(a), (e), and (f) were inapplicable. At a February 21, 2008, hearing, the trial court denied plaintiff's motion, stating:

> The appellate courts have created a fine mess of this and—this case, it's an '04 case and it bounced around back and forth up and down with the appellate decisions. I am going to leave it to the appellate courts to tell me what—what to do. I do find that the law of the case is the Court of Appeals order telling me to dismiss the case. I am going to deny your relief. If the relief is to be granted it's going to be by the Court of Appeals, counsel.

Thereafter, the trial court entered a written order denying plaintiff's motion.

On March 25, 2008, plaintiff filed an application for leave to appeal, which this Court denied on July 10, 2008. *King v McPherson Hosp*, unpublished order of the Court of Appeals, entered July 10, 2008 (Docket No. 284436). On December 23, 2008, our Supreme Court remanded this case to this Court for consideration as on leave granted. *King*, 482 Mich 1154.

II

Plaintiff argues that the trial court erred by refusing to set aside its previous order dismissing his claims because his action was timely filed under *Mullins II*, 480 Mich 948. We review for an abuse of discretion a trial court's decision on a motion to set aside a judgment under MCR 2.612(C)(1). *Peterson v Auto-Owners Ins Co*, 274 Mich App 407, 412; 733 NW2d 413 (2007). "An abuse of discretion occurs when the decision results in an outcome falling outside the principled range of outcomes." *Woodard v Custer*, 476 Mich 545, 557; 719 NW2d 842 (2006). In addition, whether the law of the case doctrine applies in a particular case is a question of law that we review de novo. *Kasben v Hoffman*, 278 Mich App 466, 470; 751 NW2d 520 (2008).

III

Under MCL 600.5805(6), a medical malpractice plaintiff has two years from the date the cause of action accrued in which to file suit. A medical malpractice claim generally "accrues at the time of the act or omission that is the basis for the claim of medical malpractice . . . ." MCL 600.5838a(1).[4] As recognized in *Farley v Advanced Cardiovascular*

---

[4] Although MCL 600.5838a(2) also gives a medical malpractice plaintiff until "6 months after the plaintiff discovers or should have discovered the existence of the claim" to file suit, the discovery rule is not at issue in this case.

*Health Specialists, PC,* 266 Mich App 566, 571; 703 NW2d 115 (2005) (*Farley I*), lv den 474 Mich 1020 (2006), reconsideration den 474 Mich 1132 (2006), "unless an exception applies, a malpractice action must be brought within two years of when the claim first accrued."

"The first exception involves the effect of filing a notice of intent to sue, which all plaintiffs alleging medical malpractice are required to do under MCL 600.2912b(1) 'not less than 182 days before the action is commenced.' " *Farley I,* 266 Mich App at 571. MCL 600.5856(c) provides:

> The statutes of limitations or repose are tolled in any of the following circumstances:
>
> * * *
>
> (c) At the time notice is given in compliance with the applicable notice period under section 2912b, if during that period a claim would be barred by the statute of limitations or repose; but in this case, the statute is tolled not longer than the number of days equal to the number of days remaining in the applicable notice period after the date notice is given.

Thus, MCL 600.5856(c) "tolls the applicable 'statute of limitations or repose' when a claimant, in compliance with MCL 600.2912b, provides written notice of her intent to commence a medical malpractice action." *Waltz,* 469 Mich at 644 n 1. This provision is commonly referenced as the "notice tolling provision." See *Farley I,* 266 Mich App at 571.

In addition, in wrongful death actions, the Legislature has afforded plaintiff personal representatives additional time in which to pursue legal action on behalf of a decedent's estate. The wrongful death saving statute, MCL 600.5852, provides as follows:

> If a person dies before the period of limitations has run or within 30 days after the period of limitations has run, an action which survives by law may be commenced by the personal representative of the deceased person at any time within 2 years after letters of authority are issued although the period of limitations has run. But an action shall not be brought under this provision unless the personal representative commences it within 3 years after the period of limitations has run.

In *Waltz,* 469 Mich at 648-651, 655, our Supreme Court held that under the clear and unambiguous language of MCL 600.5856, the giving of a notice of intent to sue during the two-year malpractice period of limitation in MCL 600.5805(6) operates to toll this period, but that the giving of notice does not toll the period in MCL 600.5852, which constitutes a wrongful death *saving period,* "an *exception* to the limitation period" and not a period of limitation itself. (Emphasis in original.) *Waltz* thus overruled *Omelenchuk* to the extent that *Omelenchuk* "might

be viewed as sanctioning application of the notice tolling provision to the wrongful death saving provision[.]" *Waltz*, 469 Mich at 655.

Following *Waltz*, our Supreme Court issued three separate orders stating that *Waltz* is to be given full retroactive application. *Wyatt v Oakwood Hosp & Med Ctrs*, 472 Mich 929 (2005), reconsideration den 474 Mich 913 (2005); *Evans v Hallal*, 472 Mich 929 (2005); *Forsyth v Hopper*, 472 Mich 929 (2005). Thereafter, in *Mullins v St Joseph Mercy Hosp*, 271 Mich App 503, 509; 722 NW2d 666 (2006) (*Mullins I*), rev'd 480 Mich 948 (2007), a special panel of this Court followed our Supreme Court's orders in *Wyatt*, *Evans*, and *Forsyth*, and concluded that *Waltz* applies with full retroactive effect.

As we previously recognized in our statement of the facts, our Supreme Court reversed this Court's decision in *Mullins I* and provided a window within which *Waltz* does not apply. Our Supreme Court's order in *Mullins II*, 480 Mich 948, states, in pertinent part:

> We conclude that this Court's decision in *Waltz v Wyse*, 469 Mich 642 [677 NW2d 813] (2004), does not apply to any causes of action filed after *Omelenchuk v City of Warren*, 461 Mich 567 [609 NW2d 177] (2000), was decided in which the saving period expired, i.e., two years had elapsed since the personal representative was appointed, sometime between the date that *Omelenchuk* was decided and within 182 days after *Waltz* was decided. All other causes of action are controlled by *Waltz*.

The question presented in this appeal is whether the trial court abused its discretion by declining to set aside its previous dismissal of plaintiff's claims because plaintiff filed his action within the window identified in *Mullins II*, regarding which *Waltz* is inapplicable. This Court recently addressed this issue in *Kidder v Ptacin*, 284 Mich App 166, 170-171; 771 NW2d 806 (2009).

In *Kidder*, the trial court initially denied summary disposition for the defendants on statute of limitations grounds. *Id.* at 168. On appeal, this Court reversed on the basis that *Waltz* applied retroactively and that judicial tolling was not available to save the plaintiff's cause of action.[5] *Id.* at 168-169. This Court therefore remanded the case for entry of an order granting summary disposition for the defendants, and the trial court complied with this Court's directive on remand. *Id.* at 169. Thereafter, our Supreme Court decided *Mullins II*, on which the plaintiff relied in moving to reinstate her case pursuant to MCR 2.612(C)(1)(e) and (f). The trial court granted the motion. *Id.*

On appeal, this Court reversed the trial court's reinstatement of the case. *Id.* at 170-171. This Court reasoned that MCR 2.612(C)(1)(e) was inapplicable "because this Court's decision ordering the grant of summary disposition in favor of defendants has not been reversed or

---

[5] See *Kidder v Ptacin*, unpublished opinion per curiam of the Court of Appeals, issued January 23, 2007 (Docket No. 257703), slip op at 2-3.

otherwise vacated; its holding has been *overruled* by subsequent case-law." *Id.* at 170 (emphasis in original). This Court explained:

> Reversing or vacating a decision changes the result in the specific case before an appellate court. On the other hand, a decision to overrule a particular rule of law affects not only the specific case before the appellate court, but also future litigation. A decision to overrule is an appellate court's declaration that a rule of law no longer has precedential value. See *Sumner v Gen Motors Corp (On Remand)*, 245 Mich App 653, 665; 633 NW2d 1 (2001). However, an appellate court's pronouncement that a rule of law no longer applies does not change the result of an effective judgment. *Id.* In the instant case, this Court's decision was in effect, as the time for filing an application with our Supreme Court had lapsed. MCR 7.215(F)(1)(a). Accordingly, the fact that this Court's decision in *Mullins [I]* was overruled, did not implicate this Court's earlier decision in the instant case. [*Id.* at 170-171.]

This Court also determined that MCR 2.612(C)(1)(f) was inapplicable because the plaintiff failed to seek leave to appeal this Court's decision directing the trial court to grant summary disposition for the defendants. *Kidder*, 284 Mich App at 171. Further, this Court opined that "MCR 2.612 envisions a court relieving a party from its own judgment, not the judgment of a higher authority." *Id.* This Court stated that nothing in the court rule allowed the trial court to relieve the plaintiff from this Court's judgment. Thus, this Court reversed the trial court's order reinstating the plaintiff's cause of action.

Recently, in *Farley II*, this Court determined the scope of *Kidder*, in the context of three separate cases that were consolidated in this Court, *Farley v Carp* (Docket Nos. 283405, 284681, and 283418), *Wren v Southfield Rehabilitation Co* (Docket Nos. 283726 and 283727), and *Ellis v Henry Ford Health Sys* (Docket No. 284319). *Kidder* involved the application of *Mullins II* to a case that this Court previously determined to be time-barred under *Waltz*. This Court determined that *Kidder* directly controlled the outcome in *Wren* because the procedural facts of both cases were nearly identical, including that neither plaintiff sought leave to appeal this Court's earlier adverse decision. *Farley II*, 287 Mich App at 6.

With respect to *Ellis*, this Court recognized that the procedural posture was different than *Kidder* and *Wren* because the plaintiffs in *Ellis* never sought to appeal the trial court's order dismissing their claims in light of *Waltz*. *Id.* at 6-7. This Court recognized that, technically, the law of the case doctrine did not apply because there did not exist a decision of a higher court that was binding on the trial court. *Id.* at 7. This Court nonetheless determined that the plaintiffs in *Ellis* should not be permitted to prevail when the plaintiffs in *Wren* and *Kidder* did not prevail. This Court stated that

> [i]f relief from judgment should not be granted under MCR 2.612(C)(1)(f) where a party sleeps on their appellate rights by failing to seek leave to appeal in the Supreme Court from an

adverse ruling in this Court, then certainly relief from judgment is not appropriate where the party never even pursues an appeal from the trial court's ruling to this Court. [*Id.* at 8.]

Thus, this Court held that "relief from judgment under MCR 2.612(C)(1)(f) is inappropriate where a party has not sought appellate review of a trial court's final order and the basis for relief from judgment is a subsequent appellate decision in a different case." *Id.*

Turning to *Farley*, this Court recognized that the procedural posture was different from *Kidder* and *Wren* in two primary respects. *Id.* First, the plaintiff in *Farley* did not sit on her appellate rights, but rather sought leave to appeal this Court's adverse decision to our Supreme Court, which denied leave to appeal. Second, the trial court in *Farley* did not enter an order granting summary disposition in the defendants' favor as this Court had directed. *Id.* at 8-9. Accordingly, the trial court never granted the plaintiff relief from judgment following *Mullins II* because there existed no trial court judgment from which to grant relief. *Id.* at 9. Nevertheless, this Court concluded that neither of these factors warranted a different result. This Court stated:

> The fact that the Supreme Court denied leave to appeal means that our earlier decision is now the final adjudication in this case and may be enforced according to its terms. Furthermore, we cannot endorse a process by which relief can be obtained because the lower court chose to simply ignore the clear directive of the appellate court, allowing the case to languish until there is a change in law to justify the result that the lower court would like to apply.
>
> Simply put, the trial court had no alternative in this case other than to comply with the direction of this Court in our previous opinion. And once the trial court so complies, as discussed above, it is precluded from granting relief from judgment under the law of the case doctrine. [*Id.* at 9 (citations omitted).]

Thus, this Court vacated the trial court's orders reinstating the plaintiffs' claims in *Wren*, *Ellis*, and *Farley*. *Id.*

Judge BORRELLO dissented from the majority's opinion in *Farley II*. Judge BORRELLO stated that although he believed that this Court was bound by MCR 7.215(J)(1) to follow *Kidder* in *Wren* and *Ellis*, he would declare a conflict under MCR 7.215(J)(2) because he believed that *Kidder* was wrongly decided. *Farley II*, 287 Mich App at 10 (BORRELLO, J., dissenting). Judge BORRELLO opined that *Farley* was factually distinguishable from *Kidder* because the plaintiff in *Farley* did not sleep on her appellate rights, but rather sought to appeal this Court's decision to our Supreme Court, which denied leave. *Id.* at 10-11. Thus, Judge BORRELLO stated that *Kidder*'s reasoning for declining to apply MCR 2.612(C)(1)(f) was inapplicable and that the interests of justice did not militate against allowing the plaintiff to proceed with her cause of action. *Id.* at 11. Judge BORRELLO recognized that the trial court in *Farley* treated the plaintiff's motion as a motion to reinstate the case and concluded that the court did

not abuse its discretion in granting the motion. *Id* at 12. Judge BORRELLO's analysis in *Farley II*, states as follows in pertinent part:

[T]he majority's reliance on *Kidder* in *Farley* is misplaced because the facts in *Farley* are distinguishable from the facts in *Kidder*. MCR 2.612(C)(1)(f) authorizes relief from judgment for "[a]ny other reason justifying relief from the operation of the judgment." In *Kidder*, this Court ruled that MCR 2.612(C)(1)(f) was inapplicable because the plaintiff in that case failed to appeal the judgment of this Court. *Kidder*, [284 Mich App] at 169, 171. In declining to apply MCR 2.612(C)(1)(f), this Court stated:

"Just as 'equity aids the vigilant, not those who sleep on their rights,' *Falk v State Bar of Michigan*, 411 Mich 63, 113 n 27; 305 NW2d 201 (1981) (RYAN, J., joined by MOODY and FITZGERALD, JJ.) (quotation marks and citations omitted), so does the appellate process. See *Lothian v Detroit*, 414 Mich 160, 175; 324 NW2d 9 (1982) (denying relief to an appellant who, 'wholly apprised of the facts which constituted his cause of action, chose to sleep on his rights until a subsequent appellate court decision roused him to action'). . . . The interests of justice truly militate against allowing a defeated party's action to spring back to life because others have availed themselves of the appellate process." [*Kidder*, 284 Mich App at 171.]

As the majority notes, plaintiff in *Farley* did not sleep or sit on her appellate rights like the plaintiff in *Kidder*. To the contrary, plaintiff in *Farley* moved for reconsideration in this Court and appealed this Court's decision to the Supreme Court, which denied leave to appeal. Because plaintiff availed herself of the appellate process in *Farley*, *Kidder*'s reasoning for declining to apply MCR 2.612(C)(1)(f) is inapplicable here, and the interests of justice do not militate against allowing plaintiff to pursue her case. Rather, the interests of justice dictate a contrary result from that reached by my colleagues in the majority. Based on my review of the proceedings in the trial court, any reliance on *Kidder* to reverse the trial court's reinstatement of plaintiff's case in *Farley* is improper and unjust.

\* \* \*

Unlike the majority, I would conclude that the trial court's reinstatement of plaintiff's case in *Farley* was not an abuse of discretion. Given the trial court's authority to relieve a party from a judgment under MCR 2.612(C)(1)(f) and the fact that plaintiff in *Farley* availed herself of the appellate process, I would conclude that *Kidder* is distinguishable and hold that the trial court's reinstatement of plaintiff's case in *Farley* did not

fall outside the principled range of outcomes. [*Farley II*, 287 Mich App at 10-12 (BORRELLO, J., dissenting) (citations omitted).]

IV

The facts of the instant case are on all fours with *Farley*. In both cases, the plaintiffs sought leave to appeal this Court's adverse decisions and our Supreme Court denied leave to appeal. *King v Briggs*, 474 Mich 981 (2005); *Farley v Advanced Cardiovascular Health Specialists, PC*, 474 Mich 1020 (2006). This Court stated in *Farley II* that the denial of leave meant that this Court's previous decision, directing that summary disposition be granted for the defendants, became the final adjudication, enforceable according to its terms. *Farley II*, 287 Mich App at 9; see also MCR 7.302(H)(3). The denial of leave in the instant case had the same effect. The *Farley II* Court also stated that once the trial court complied with its directive to grant summary disposition for the defendants in accordance with this Court's previous opinion, it would be precluded from granting relief from judgment under the law of the case doctrine. *Farley II*, 287 Mich App at 9. Similarly, under the *Farley II* rationale, the trial court in the instant case would be precluded from granting relief from its January 26, 2007, order granting summary disposition for defendants and dismissing plaintiff's claims. This case is not distinguishable in any meaningful way from the facts of *Farley*.

But, like the plaintiff in *Farley*, the plaintiff here cannot be said to have sat on his appellate rights. In fact, just the opposite occurred, plaintiff availed himself of the appellate process just as the plaintiff in *Farley* did. This being the case, like Judge BORRELLO in his well-reasoned dissent in *Farley II*, we would conclude that *Kidder* is distinguishable and MCR 2.612(C)(1)(f) applies authorizing relief from judgment without time limitation. Thus, we would hold that the trial court abused its discretion when it declined to set aside its previous order dismissing plaintiff's claims for the reasons set forth in Judge BORRELLO's dissent in *Farley II*.

Our Supreme Court's order in *Mullins II* established without equivocation a class of medical malpractice claimants entitled to relief from the retroactive application of *Waltz*. Our Supreme Court's order in *Mullins II*, 480 Mich 948, states, in pertinent part:

We conclude that this Court's decision in *Waltz v Wyse*, 469 Mich 642 [677 NW2d 813] (2004), does not apply to *any causes of action* filed after *Omelenchuk v City of Warren*, 461 Mich 567 [609 NW2d 177] (2000), was decided in which the saving period expired, i.e., two years had elapsed since the personal representative was appointed, sometime between the date that *Omelenchuk* was decided and within 182 days after *Waltz* was decided. All other causes of action are controlled by *Waltz*. [Emphasis added.]

The Supreme Court in its use of the words, "any causes of action" did not limit the palliative nature of its order to only those cases still pending.

And it is incongruous to impose the use of a finality rule or law of the case rule to prohibit the utilization of the discretion provided in MCR 2.612(C)(1)(f), to avoid the mandate of the *Mullins II* order. While it is easy to understand the trial court's frustration with the appellate courts, it was still incumbent on the trial court to meaningfully exercise its discretion, especially when the Supreme Court's order provides its relief and remedy to "any causes of action" that come within the defined period. The *Mullins II* order requires the application of fairness, nothing else. We fail to see the fairness in allowing only pending actions to receive the benefit of the Supreme Court's order while denying that benefit to causes of action similarly situated but for the timing of the denial of the application for leave to appeal to the Supreme Court by the same Court that now provides the palliative relief of its order. Had the Supreme Court so intended, it would have said so.

Further, fairness is not the only basis on which to grant plaintiff relief. Both *Kidder*, 284 Mich App at 170, and *Farley II*, 287 Mich App at 9, rely on the law of the case doctrine. In *Kidder*, this Court quoted *Webb v Smith (After Second Remand)*, 224 Mich App 203, 209; 568 NW2d 378 (1997), for the proposition that " '[u]nder the law of the case doctrine, an appellate court ruling on a particular issue binds . . . all lower tribunals with regard to that issue. The law of the case mandates that a court may not decide a legal question differently where the facts remain materially the same.' " *Kidder*, 284 Mich App at 170. But, in *Webb*, this Court continued explicitly setting forth two exceptions to the law of the case doctrine. *Webb*, 224 Mich App at 210. Specifically, the *Webb* Court stated that "[t]wo exceptions to the doctrine exist: (1) when the decision would preclude the independent review of constitutional facts and (2) *when there has been an intervening change of law.*" *Id.* (emphasis added). In the instant matter, as in *Farley*, plaintiff did not sleep on his rights. Rather, plaintiff pursued his rights continuously at every turn. *Mullins II* clearly represented a change in the law and at the same time provided relief to an identified class of claimants including plaintiff that were deserving of and entitled to relief from the retroactive application of *Waltz*. *Mullins II*, 480 Mich 948. Because the law of the case doctrine does not impose its bar when there has been an intervening change of law, we would conclude that plaintiff is entitled to the exercise of discretion pursuant to MCR 2.612(C)(1)(e) and (f) and the trial court's failure to provide relief from judgment was an abuse of discretion.

In any event, this Court's decision in *Farley II* is published and therefore constitutes binding precedent on this Court. MCR 7.215(C)(2); MCR 7.215(J)(1). Because the majority's analysis in *Farley II* controls the outcome of this case, we must decline to set aside the trial court's order dismissing plaintiff's claims, but do so only because we are required to by MCR 7.215(J)(1). MCR 7.215(J)(1) requires this Court to "follow the rule of law established by a prior published decision of the Court of Appeals issued on or after November 1, 1990, that has not been reversed or modified by the Supreme Court, or by a special panel of the Court of Appeals . . . ." Therefore, in accordance with MCR 7.215(J)(2), which provides that the conflict resolution procedure is triggered when a panel

of this Court "follows a prior published decision only because it is required to do so by subrule (1)" we indicate our disagreement with the majority's holding in *Farley II* with regard to the facts of *Farley* only. Specifically, we believe that *Farley II*'s application of *Kidder* to the facts of *Farley* is erroneous as not in the interests of justice and commands the wrong decision on the nearly identical facts in the case at bar. We therefore call for the convening of a special panel of this Court pursuant to MCR 7.215(J)(3).

Affirmed.