# STATE OF MICHIGAN

# COURT OF APPEALS

CHRISTENA JOHNSON,

        Plaintiff-Appellee,

v

JERMARX MARSH,

        Defendant-Appellant,

and

LEO YOUNG and DEBRA YOUNG,

        Third Parties-Appellees.

UNPUBLISHED
October 1, 2015

No. 322037
Genesee Circuit Court
Family Division
LC No. 03-247042-DM

Before: OWENS, P.J., and SAAD and GADOLA, JJ.

GADOLA, J. (*dissenting*).

        I respectfully dissent.

        As the majority correctly points out, this case is not about substantive determinations under the Revocation of Paternity Act, MCL 722.1431 *et seq.*, or DMY's best interests. The only question before us is one of procedure: whether the trial court properly applied MCR 2.612(C)(1)(f) in setting aside its January 2014 summary disposition order. Under the binding precedents of this Court, I cannot agree that the trial court acted appropriately in doing so.

        Before a trial court may grant relief under MCR 2.612(C)(1)(f), three requirements must be met: "(1) the reason for setting aside the judgment must not fall under subsections a through e, (2) the substantial rights of the opposing party must not be detrimentally affected if the judgment is set aside, and (3) extraordinary circumstances must exist that mandate setting aside the judgment in order to achieve justice." *Heugel v Heugel*, 237 Mich App 471, 478-479; 603 NW2d 121 (1999). Generally, a court will only grant relief under subsection (f) if "the judgment was obtained by the improper conduct of the party in whose favor it was rendered." *Id.* at 479. Although subsection (f) is the broadest avenue for relief under the court rule, "[w]ell-settled policy considerations favoring finality of judgments circumscribe relief under MCR 2.612(C)(1)." *Rose v Rose*, 289 Mich App 45, 58; 795 NW2d 611 (2010).

"An intervening change in law is not an appropriate basis for granting relief from a judgment; indeed, if it were, it is not clear why all judgments rendered on the basis of a particular interpretation of law should not be reopened when the interpretation is substantially changed." *King v McPherson Hosp*, 290 Mich App 299, 306; 810 NW2d 594 (2010) (citations and quotation marks omitted). In *Farley v Carp*, 287 Mich App 1, 8; 782 NW2d 508 (2010), this Court held in no uncertain terms that "relief from judgment under MCR 2.612(C)(1)(f) is inappropriate where a party has not sought appellate review of a trial court's final order and the basis for relief from judgment is a subsequent appellate decision in a different case."

In this case, the January 2014 summary disposition order was the final order in the action; thus, relief from judgment under MCR 2.612(C)(1)(f) was not proper because neither Johnson nor Young sought appellate relief. The majority argues that the summary disposition order should not be treated as a final order for purposes of granting relief under MCR 2.612(C)(1)(f) because Marsh's custody motion was still pending. MCR 7.202(6)(a)(*i*) defines "final judgment" or "final order" in a civil case as "the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties." In LC No. 12-305688-DP, Marsh filed a complaint under ROPA seeking to establish his paternity of DMY. The trial court's January 2014 order constituted a final order because it revoked Young's 2003 acknowledgment of parentage and issued an order of filiation declaring Marsh to be DMY's father, thus resolving all of the claims between the parties concerning paternity. Although the lawsuit appeared to continue as the trial court scheduled further proceedings regarding DMY's custody, LC No. 12-305688-DP was not a custody action, it was a paternity action under ROPA. Further, although the paternity action was later consolidated with separate cases directly addressing DMY's custody, that consolidation did not occur until April 4, 2014, well after the 21-day time period for filing an appeal by right in a civil action. MCR 7.204(A)(1)(a). The only basis for granting relief from judgment was a subsequent appellate decision from our Supreme Court in an unrelated case, *In re Moiles*, 495 Mich 944; 843 NW2d 220 (2014), which was issued after the trial court entered its January 2014 order. Accordingly, the summary disposition order was a final order, and Young was precluded from obtaining relief from it under MCR 2.612(C)(1)(f).

Further, regarding the second requirement to obtain relief under MCR 2.612(C)(1)(f)— whether substantial rights of the opposing party would be detrimentally affected—I cannot agree that Marsh's substantial rights would not be detrimentally affected by setting aside the order of filiation. See *King*, 290 Mich App at 304. Although DMY's custody would still have to be resolved if the order of Marsh's filiation remained in place, Marsh's status as a legal and biological father would have invoked the presumption provided by MCL 722.25(1) that the child's best interests would be served by awarding custody to the parent. If the trial court's relief order remains in place, Marsh would lose this pro-parent presumption, and he would be required to overcome the presumption that DMY's best interests would be served by remaining in her established custodial environment. *Hunter v Hunter*, 484 Mich 247, 279; 771 NW2d 694 (2009). Considering these legal standards and the essential and precious right of natural parents to

control the care and custody of their children,[1] the significance of the filiation order to Marsh's status in the proceedings cannot be overstated.

The majority contends that we should make an exception in this case and leave the trial court's relief order in place because it would best protect DMY's interests. Considering this Court's precedents, I cannot join the majority's analysis, especially in light of the fact that reinstituting the January 2014 order will not necessarily affect DMY's custody. Although Marsh would enjoy a pro-parent presumption in future custody proceedings, the Youngs could overcome that presumption by providing clear and convincing evidence that custody with Marsh would not serve DMY's best interests. *Hunter*, 484 Mich at 278-279. Under the facts of this case, such an outcome is a very real possibility.

I would reverse.


/s/ Michael F. Gadola

---

[1] See *Troxel v Granville*, 530 US 57; 120 S Ct 2054; 147 L Ed 2d 49 (2000).