KIDDER v PTACIN

Docket No. 284224. Submitted March 10, 2009, at Lansing. Decided June 2, 2009, at 9:05 a.m.

Lori Kidder, as personal representative of the estate of decedent Sheldon Steeb, brought a medical malpractice, wrongful death action in the Calhoun Circuit Court against Philip C. Ptacin, M.D., and DayOne Family Healthcare. The defendants moved for summary disposition, arguing that under *Waltz v Wyse*, 469 Mich 642 (2004), the action was barred by the statute of limitations because it was filed more than two years after the date of the alleged malpractice and no saving provision applied. The court, Conrad J. Sindt, J., denied the motion, ruling that *Waltz* cannot apply retroactively to bar the plaintiff's action. The Court of Appeals, BORRELLO, P.J., and SAWYER and FITZGERALD, JJ., in an unpublished opinion per curiam, issued January 23, 2007 (Docket No. 257703), reversed and remanded for the entry of an order of summary disposition in favor of the defendants, holding that *Waltz* applies retroactively, as decided in *Mullins v St Joseph Mercy Hosp*, 271 Mich App 503 (2006). After the trial court dismissed this case on remand, the Supreme Court issued an order in *Mullins* stating that *Waltz* does not apply to causes of action filed after *Omelenchuk v City of Warren*, 461 Mich 567 (2000), was decided in which the saving period expired sometime between the date that *Omelenchuk* was decided and within 182 days after *Waltz* was decided. *Mullins v St Joseph Mercy Hosp*, 480 Mich 948 (2007). The plaintiff moved to reinstate her action in light of the *Mullins* order, and the trial court, Stephen B. Miller, J., granted the motion. The defendants appealed.

The Court of Appeals *held*:

1. Under the law of the case doctrine, an appellate court ruling binds all lower tribunals with regard to the issue decided by the appellate court. A lower court may not decide a legal question differently where the facts remain materially the same. The trial court was bound by the earlier Court of Appeals decision in this case that *Waltz* applied to the plaintiff's action.

2. MCR 2.612(C)(1)(e), which authorizes relief from judgment where a prior judgment on which it is based has been reversed or

vacated, does not apply to this case. The prior opinion in this case ordering summary disposition for the defendants has not been reversed or vacated. Only its holding has been overruled in a subsequent case.

3. MCR 2.612(C)(1)(f), which authorizes relief from judgment for any other reason justifying relief from the operation of the judgment, does not apply to this case. The defendants were neither parties to *Mullins* nor among those similarly situated parties whose cases were pending in the appellate process. The interests of justice militate against allowing a defeated party's action to spring back to life because others have availed themselves of the appellate process.

Reversed and remanded for a grant of summary disposition in favor of the defendants.

*Daniel C. Brown, PLLC* (by *Daniel C. Brown*), for the plaintiff.

*Aardema, Whitelaw & Sears-Ewald, PLLC* (by *Dolores Sears-Ewald* and *Timothy P. Buchalski*), for the defendants.

Before: WILDER, P.J., and METER and SERVITTO, JJ.

PER CURIAM. Defendants appeal by leave granted the trial court's order reinstating this medical malpractice, wrongful death action. We reverse and remand to the trial court with instructions to grant summary disposition in favor of defendants. This appeal has been decided without oral argument pursuant to MCR 7.214(E).

In an earlier appeal involving this litigation, this Court's opinion presented a concise statement of the pertinent facts:

Decedent (DOB 5-3-00) died on May 16, 2000 after receiving treatment from defendants. Plaintiff, decedent's mother, was appointed personal representative of decedent's estate, and letters of authority were issued to her on September 21, 2000. On May 3, 2002, plaintiff filed a notice

of intent (NOI) to file a medical malpractice action, as required by MCL 600.2912d. During the time period relevant to this case, the filing of a[n] NOI tolled the statute of limitations for 182 days. Plaintiff filed suit alleging medical malpractice on November 19, 2002.

Defendants moved for summary disposition pursuant to MCR 2.116(C)(7), arguing that plaintiff's complaint was barred by the statute of limitations because it was filed more than two years after the date of the alleged malpractice, and no saving[ ] provision applied. Defendants relied on *Waltz v Wyse*, 469 Mich 642, 650; 677 NW2d 813 (2004), in which the Supreme Court held that the tolling period provided for in MCL 600.5856(d) did not apply to the saving[ ] provision in MCL 600.5852. The trial court denied the motion, concluding that *Waltz, supra*, did not apply retroactively to bar plaintiff's action. Subsequently, the trial court entered an order staying proceedings pending defendants' appeal of the order denying summary disposition. Since the entry of the trial court's order, this Court has held that the holding in *Waltz, supra*, applies retroactively. *Mullins v St Joseph Mercy Hosp*, 271 Mich App 503; 722 NW2d 666 (2006).

* * *

Decedent died on May 16, 2000; thus, the cause of action accrued on that date. Plaintiff's letters of authority were issued on September 21, 2000. Plaintiff did not file suit on or before either May 16, 2002, the date the two-year statute of limitations applicable to medical malpractice actions expired,[1] or September 21, 2002, the date the two-year saving provision expired.[2] [Unpublished opinion per curiam of the Court of Appeals, issued January 23, 2007 (Docket No. 257703), slip op at 1-2 (some citations omitted).]

This Court concluded that in light of its resolution of the conflict presented in *Mullins*, applying *Waltz* retro-

---

[1] See MCL 600.5805(6).

[2] See MCL 600.5852.

.

actively, plaintiff's suit was not timely and was thus barred by the statute of limitations. *Id.* at 2. This Court additionally held that judicial tolling was not available to save the cause of action. *Id.* at 2-3. Accordingly, this Court reversed and remanded this case to the trial court with instructions to grant summary disposition in favor of defendants. *Id.* at 3.

The trial court complied with this Court's directive. After the trial court's dismissal of the case, this Court's conflict resolution decision in *Mullins* was reversed. Our Supreme Court held, "this Court's decision in *Waltz* . . . does not apply to any causes of action filed after *Omelenchuk v City of Warren*, 461 Mich 567 [609 NW2d 177] (2000), was decided in which the saving period expired, i.e., two years had elapsed since the personal representative was appointed, sometime between the date that *Omelenchuk* was decided and within 182 days after *Waltz* was decided." *Mullins v St Joseph Mercy Hosp*, 480 Mich 948, 948 (2007) (order on application).

With this new development in caselaw suggesting that *Waltz* need not be applied to claimant in her circumstances, plaintiff moved to reinstate her case in the trial court. Plaintiff cited MCR 2.612(C)(1)(e) (authorizing relief from judgment where "a prior judgment on which it is based has been reversed or otherwise vacated"), and (f) ("[a]ny other reason justifying relief from the operation of the judgment"). The trial court granted the motion while stating its expectation that the issue would ultimately be decided by the appellate courts.

In this appeal, defendants argue that the trial court erred in reinstating the case. They state that plaintiff's failure to appeal the judgment of this Court, ordering summary disposition in favor of defendants, made that decision the law of the case, which the trial court was obliged to follow. We agree.

"This Court reviews for abuse of discretion a trial court's decision concerning a motion to reinstate an action." *Wickings v Arctic Enterprises, Inc*, 244 Mich App 125, 138; 624 NW2d 197 (2000). A court "by definition abuses its discretion when it makes an error of law." *Koon v United States*, 518 US 81, 100; 116 S Ct 2035; 135 L Ed 2d 392 (1996). See also *People v Lukity*, 460 Mich 484, 488; 596 NW2d 607 (1999).

"Under the law of the case doctrine, an appellate court ruling on a particular issue binds . . . all lower tribunals with regard to that issue. The law of the case mandates that a court may not decide a legal question differently where the facts remain materially the same." *Webb v Smith (After Second Remand)*, 224 Mich App 203, 209; 568 NW2d 378 (1997) (citations omitted).

In this case, MCR 2.612(C)(1)(e) does not apply because this Court's decision ordering the grant of summary disposition in favor of defendants has not been reversed or otherwise vacated; its holding has been *overruled* by subsequent caselaw. There is an important distinction.

Reversing or vacating a decision changes the result in the specific case before an appellate court. On the other hand, a decision to overrule a particular rule of law affects not only the specific case before the appellate court, but also future litigation. A decision to overrule is an appellate court's declaration that a rule of law no longer has precedential value. See *Sumner v Gen Motors Corp (On Remand)*, 245 Mich App 653, 665; 633 NW2d 1 (2001). However, an appellate court's pronouncement that a rule of law no longer applies does not change the result of an effective judgment. *Id.* In the instant case, this Court's decision was in effect, as the time for filing an application with our Supreme Court had lapsed. MCR 7.215(F)(1)(a). Accordingly, the

fact that this Court's decision in *Mullins* was overruled did not implicate this Court's earlier decision in the instant case.

MCR 2.612(C)(1)(f) is likewise inapplicable. Just as "equity aids the vigilant, not those who sleep on their rights," *Falk v State Bar of Michigan*, 411 Mich 63, 113 n 27; 305 NW2d 201 (1981) (RYAN, J., joined by MOODY and FITZGERALD, JJ.) (quotation marks and citations omitted), so does the appellate process. See *Lothian v Detroit*, 414 Mich 160, 175; 324 NW2d 9 (1982) (denying relief to an appellant who, "wholly apprised of the facts which constituted his cause of action, chose to sleep on his rights until a subsequent appellate court decision roused him to action"). The instant defendants were neither parties to *Mullins* nor among those similarly situated parties whose cases were pending in the appellate process. Instead, as earlier indicated, the dismissal of plaintiff's case had become final (an effective judgment). The interests of justice truly militate against allowing a defeated party's action to spring back to life because others have availed themselves of the appellate process.

Furthermore, MCR 2.612 envisions a court relieving a party from its own judgment, not the judgment of a higher authority. No provision of the rule allowed the trial court in this case to relieve plaintiff from the judgment embodied in this Court's January 23, 2007, opinion.

For these reasons, we reverse the result below and again remand this case to the trial court with instructions to grant summary disposition in favor of defendants.

Reversed and remanded. We do not retain jurisdiction.