# STATE OF MICHIGAN

# COURT OF APPEALS

JAMES DECKER and KAY DECKER,

Plaintiffs-Appellants,

v

TRUX R US, INC.,

Defendant,

and

AUTO OWNERS INSURANCE COMPANY,

Garnishee Defendant-Appellee.

FOR PUBLICATION
October 28, 2014

No. 316479
Oakland Circuit Court
LC No. 2007-086261-NI

Before: RIORDAN, P.J., and CAVANAGH and TALBOT, JJ.

CAVANAGH, J. (*dissenting*).

I respectfully dissent.

The issue in this case is whether MCR 3.101(L)(1) or MCR 3.101(M)(2) prohibit a plaintiff from conducting discovery if not initiated within 14 days after service of the garnishee disclosure although MCR 3.101(T) allows for motions to extend the time for conducting discovery.

Here, the trial court denied plaintiffs' motion to extend the time in which to submit written interrogatories to Auto Owners, noting that subrule (M)(2) mandates that the facts stated in the disclosure be accepted as true unless discovery was served "within the time allowed by subrule (L)(1)," i.e., within 14 days after service of the disclosure. However, subrule (T) grants the trial court discretion to extend the time for conducting discovery in garnishment actions, as in other civil actions. See MCR 3.101(T)(2) and (T)(3). But neither subrule (L)(1) nor (M)(2) reference or incorporate the circumstances that result by operation of subrule (T).

The trial court's interpretation of subrules (L)(1) and (M)(2), affirmed by the majority, impermissibly renders nugatory subrule (T). See *Wickens v Oakwood Healthcare Sys*, 465 Mich 53, 60; 631 NW2d 686 (2001). According to this interpretation, even if a motion to extend time to conduct discovery was granted under subrule (T), the information obtained would not become part of the garnishee disclosure and could not be used by plaintiff to contest the facts stated in the

-1-

disclosure. That is, the discovery requests would always be served *after* the time allowed by subrule (L)(1), in violation of MCR 3.101(M)(2), when a motion under subrule (T) is granted.

Accordingly, I would hold that the trial court's denial of plaintiff's motion to extend the time in which to conduct discovery was premised on an erroneous interpretation of law and, thus, constituted an abuse of discretion. See *Kidder v Ptacin*, 284 Mich App 166, 170; 771 NW2d 806 (2009) (citation omitted). Further, I would reverse the trial court's order granting Auto Owners' motion for summary disposition that was based on the erroneous ruling, and I would remand for further proceedings, including plaintiff's service of written interrogatories to Auto Owners.


/s/ Mark J. Cavanagh