# STATE OF MICHIGAN

# COURT OF APPEALS

REVAN FRANCIS and PRESTIGE MEDICAL
BILLING SERVICES, INC.,

UNPUBLISHED
May 3, 2016

Plaintiffs/Counter-Defendants-
Appellees,

v

No. 325576
Wayne Circuit Court
LC No. 13-001557-CB

CANDICE KAYAL,

Defendant/Counter-Plaintiff-
Appellant.

Before: O'CONNELL, P.J., AND MARKEY AND O'BRIEN, JJ.

PER CURIAM.

Defendant/counter-plaintiff, Candice Kayal (defendant), appeals by right the trial court's order compelling defendant and plaintiffs/counter-defendants, Revan Francis and Prestige Medical Billing Services, Inc. (plaintiffs), to arbitration and setting aside the default entry. We affirm.

This case arises from a business dispute between two family friends. In November of 2012, defendant and plaintiff Francis entered into a partnership agreement in which they set up the operation of a medical billing business. But the partnership relationship soured soon thereafter, and plaintiffs took legal action against defendant on January 31, 2013. Plaintiffs filed a complaint alleging that defendant breached her fiduciary duty to the partnership. Plaintiffs sought dissolution of the partnership, an accounting of partnership property, partition of partnership property, and an injunction to preclude defendant from further operating the business. Defendant answered and filed a counter-complaint asserting the same exact allegations and claims. After plaintiffs failed to answer defendant's counter-complaint, defendant moved for entry of a default. Defendant filed a "Default Request, Affidavit, and Entry" form, but the section of the form titled "Default Entry" remained blank. Plaintiffs subsequently moved the trial court to set aside the default and to order the parties into arbitration, as the partnership agreement between the parties contained an arbitration clause. The trial court agreed and ordered the default to be set aside and the parties to enter into arbitration.

On appeal, defendant first argues that the trial court abused its discretion in setting aside a validly-entered default because plaintiffs did not prove the required good cause and meritorious defense elements necessary to set aside a default.

We review a trial court's decision on a motion to set aside a default for an abuse of discretion. *Shawl v Spence Bros, Inc*, 280 Mich App 213, 218; 760 NW2d 674 (2008). "An abuse of discretion occurs when the court's decision falls outside the range of reasonable and principled outcomes." *Ypsilanti Charter Tp v Kircher*, 281 Mich App 251, 273; 761 NW2d 761 (2008). A court necessarily abuses its discretion when it makes an error of law. *Kidder v Ptacin*, 284 Mich App 166, 170; 771 NW2d 806 (2009).

MCR 2.603(D)(1) provides:

> A motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed.

"Good cause" may be shown by: "(1) a substantial defect or irregularity in the proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result from permitting the default to stand." *Shawl*, 280 Mich App at 221 (citations and quotation marks omitted). Furthermore, to determine whether a meritorious defense has been presented, a trial court should consider whether: "(1) the plaintiff cannot prove or defendant can disprove an element of the claim or a statutory requirement; (2) a ground for summary disposition exists . . . or (3) the plaintiff's claim rests on evidence that is inadmissible." *Id.* at 238. The burden of proving these two prongs is placed on the party seeking to set aside the default. *Saffian v Simmons*, 477 Mich 8, 15; 727 NW2d 132 (2007).

If a valid default were entered here, we might agree with defendant that the trial court abused its discretion in setting it aside. But MCR 2.603(A)(1) requires that the court clerk "…must enter the default…" and (2) further requires that the entered default be served on all parties. The facts show that the default was never entered as required by MCR 2.603. The "Default Entry" section of the "Default Request, Affidavit, and Entry" form is blank. This indicates that the court clerk never signed or dated the document. Moreover, the register of actions associated with this case does not show that a default was actually entered. The only entry pertaining to a default is one from April 22, 2013, which merely states, "Default, Request, Affidavit and Entry Filed." Apparently, once the court received defendant's SCAO Default Requests form, it was simply recorded as received. That is, the clerk did not follow up by properly entering it; that portion of the form is blank. It simply languished, nor did defendants themselves follow through with having it entered and served as required. Accordingly, we conclude that the trial court abused its discretion in setting aside a default that never existed and in doing so made a decision that falls outside the range of reasonable and principled outcomes. See *Kircher*, 281 Mich App at 273.

Although the trial court abused its discretion, reversal on this ground is not necessary. We will not reverse a lower court decision on the basis of a harmless error. MCR 2.613(A);

-2-

*Natural Resources Defense Council v Dept of Environmental Quality*, 300 Mich App 79, 89; 832 NW2d 288 (2013). MCR 2.613(A) provides the following:

> **Harmless Error**. An error in the admission or the exclusion of evidence, an error in a ruling or order, or an error or defect in anything done or omitted by the court or by the parties is not ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take this action appears to the court inconsistent with substantial justice.

The trial court's error is not inconsistent with substantial justice because the decision does not affect defendant's position. She is not entitled to this Court's reinstating a default that never legally existed. Thus, defendant is returned to her original position.

Next, defendant argues that plaintiffs waived their right to arbitration, and, accordingly, the trial court committed error in compelling the parties to arbitrate. Although we acknowledge plaintiffs' inconsistent actions, we disagree.

The existence and enforceability of an arbitration agreement are questions of law we review de novo. *Michelson v Voison*, 254 Mich App 691, 693-694; 658 NW2d 188 (2003). Whether the relevant circumstances establish a waiver of the right to arbitration is also reviewed ne novo. *Madison Dist Pub Sch v Myers*, 247 Mich App 583, 588; 637 NW2d 526 (2001). Additionally, we review "for clear error the trial court's factual determinations regarding the applicable circumstances." *Id.*, citing MCR 2.613(C). A finding is clearly erroneous when, on review of the entire record, we are definitely and firmly convinced that the trial court made a mistake. *Peters v Gunnell, Inc*, 253 Mich App 211, 221; 655 NW2d 582 (2002).

The waiver of a contractual right to arbitration is disfavored. *Madison Dist Pub Sch*, 247 Mich App at 588. "The party arguing there has been a waiver of this right bears a heavy burden of proof and must demonstrate knowledge of an existing right to compel arbitration, acts inconsistent with the right to arbitrate, and prejudice resulting from the inconsistent acts." *Id.* (citations and quotation marks omitted). A waiver of the right to arbitration may be express or implied. This Court, after looking to other jurisdictions, has offered the following guidance as to whether waiver has occurred:

> It has been generally held or recognized that by such conduct as defending the action or proceeding with the trial, a [party] waives the right to arbitration of the dispute involved. A waiver of the right to [arbitration] . . . has also been found from particular acts of participation by a [party], each act being considered independently as constituting a waiver. Thus, a [party] has been held to have waived the right to arbitration of the dispute involved by filing an answer without properly demanding or asserting the right to arbitration, by filing an answer containing a counterclaim . . . without demanding arbitration or by filing a counterclaim which was considered inconsistent with a previous demand for arbitration, by filing a third-party complaint or cross-claim, or by taking various other steps, including filing a notice of readiness for trial, filing a motion for

summary judgment, or utilizing judicial discovery procedures. [*Id*. at 589 (citations and quotation marks omitted).]

"A party does not waive the right to arbitrate . . . by litigating an issue that is not arbitrable." *Id.*

Defendant cannot prove waiver here because she has failed to show that she was prejudiced by plaintiffs' inconsistent actions. Although the first two prongs—that plaintiffs knew of their right to arbitration and that they acted inconsistently with the right—may be satisfied, defendant cannot show that she was prejudiced. This Court has found prejudice where the plaintiff initiated a lawsuit against a defendant, and the defendant litigated the issue for 1½ years, only to have the plaintiff seek arbitration after all the time spent litigating in trial court. *Madison Dist Pub Sch*, 247 Mich App at 599-600. Here, plaintiffs sought arbitration a mere five months following the initiation of their lawsuit—the complaint was filed on January 31, 2013, and the motion to compel arbitration was filed on May 15, 2013. Moreover, the trial court ordered plaintiffs' attorney to pay $1,000 in attorney's fees to defendant's attorney for filing a complaint instead of starting with arbitration and for having to litigate the setting aside of the default. Defendant was not prejudiced. She did not expend a great deal of time and money on trial court litigation. She was, in fact, compensated for the five months spent in litigation, even though the litigation pertained to a matter that arguably resulted in part from defendants' own mistake or oversight. (Not noting that the Default did not comply with MCR 2.603 before trying to enforce it.) Accordingly, defendant is unable to show that plaintiffs waived their right to arbitration because she cannot prove that she was prejudiced by plaintiffs' actions.

We affirm. As the prevailing party, plaintiffs may tax costs pursuant to MCR 7.219.

/s/ Peter D. O'Connell
/s/ Jane E. Markey
/s/ Colleen A. O'Brien

-4-