# STATE OF MICHIGAN

# COURT OF APPEALS

SANDRA HART ROGAL,

        Plaintiff-Appellee,

v

RAYMOND JOSEPH ROGAL,

        Defendant-Appellant.

UNPUBLISHED
September 12, 2017

No. 332516
Oakland Circuit Court
LC No. 2005-706745-DM

Before: Hoekstra, P.J., and Meter and K. F. Kelly, JJ.

PER CURIAM.

Defendant appeals as of right from a postjudgment order requiring him to pay plaintiff attorney fees in the amount of $22,000, consisting of $10,000 for plaintiff's divorce attorney and $12,000 for a business attorney. We vacate those portions of the trial court's order requiring defendant to pay plaintiff's attorney fees and remand for further proceedings.

Plaintiff and defendant were divorced in 2006. They shared joint custody of their son, whose primary residence was with plaintiff. Defendant was required to pay plaintiff $1,800 a month in child support. Child support would automatically increase based on any income defendant received in excess of $250,000. In 2015, the issues of child support and defendant's current income were referred to the Friend of the Court (FOC) for a hearing. Plaintiff later filed a motion for attorney fees, asserting that she needed defendant's assistance to pay her own attorney and also needed to hire "a corporate/business attorney" to assist her in understanding defendant's "intricate business structures." Following argument, the trial court ordered defendant to pay $10,000 to plaintiff's divorce attorney and $12,000 for a business expert. The trial court later denied defendant's motion for reconsideration.

We review for an abuse of discretion a trial court's decision to grant attorney fees in a divorce action. *Ewald v Ewald*, 292 Mich App 706, 724; 810 NW2d 396 (2011). The trial court abuses its discretion when its decision results in an outcome falling outside the range of reasonable and principled outcomes, *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006), or when it makes an error of law, *Kidder v Ptacin*, 284 Mich App 166, 170; 771 NW2d 806 (2009). We review for clear error the trial court's factual findings on which its decision to grant attorney fees is based. *Ewald*, 292 Mich App at 724-725. "A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a

-1-

definite and firm conviction that a mistake has been made." *In re Forfeiture of $19,250*, 209 Mich App 20, 29; 530 NW2d 759 (1995).

"Attorney fees are not recoverable as of right in a divorce action but may be awarded to enable a party to carry on or defend the action." *Ewald*, 292 Mich App at 724. Specifically, MCR 3.206(C) provides:

> (1) A party may, at any time, request that the court order the other party to pay all or part of the attorney fees and expenses related to the action or a specific proceeding, including a post-judgment proceeding.

> (2) A party who requests attorney fees and expenses must allege facts sufficient to show that

> (a) the party is unable to bear the expense of the action, and that the other party is able to pay, or

> (b) the attorney fees and expenses were incurred because the other party refused to comply with a previous court order, despite having the ability to comply.

Only subrule (2)(a) is at issue here. Under this subrule, the party requesting the fees and expenses must show facts sufficient to prove both her "financial need and the ability of the other party to pay, as well as the amount of the claimed fees and their reasonableness[.]" *Ewald*, 292 Mich App at 725 (citations omitted). "When requested attorney fees are contested, it is incumbent on the trial court to conduct a hearing to determine what services were actually rendered, and the reasonableness of those services." *Reed v Reed*, 265 Mich App 131, 166; 693 NW2d 825 (2005).[1]

Plaintiff failed to establish that she was entitled to the attorney fees requested. She stated that her attorney "requires attorney's fees of $15,000," and her attorney stated at the hearing that she was owed more than $12,000, but plaintiff did not provide any documentation to show how that figure was calculated and that it was reasonable. Plaintiff stated that the proposed expert "requires a retainer of $15,000," but admitted at the hearing that another expert who had been consulted had requested a retainer of $12,000. Again, there was nothing to show that the requested fee was reasonable.[2] Plaintiff also failed to present sufficient facts to show that she

---

[1] We note that when defendant's attorney attempted to further challenge and comment upon the court's ruling, he was stopped by the court.

[2] Plaintiff also failed to demonstrate the need to retain an expert. The only issue to be determined was the amount of defendant's income, not the sources of his income. The sources of defendant's income were not relevant unless plaintiff could prove that defendant had unreported income (whether from the so-called Pickard Entities or elsewhere) and, while plaintiff implied that such might be the case, she presented no evidence to support such a claim. The most she showed was that defendant received $100,000 as consideration for a release, and

had a need for assistance. She stated that she "does not have the income" to pay the attorneys, but did not present any evidence regarding her income and expenses. In her motion, she *alleged* that defendant had the ability to pay, stating that his bank records "reflect, on average, more than $30,000 per year being spent through daily ATM usage, flights, hotels, cruises, [and] lavish meals," but did not provide any evidence to show that defendant actually had the discretionary income alleged. Because plaintiff did not present sufficient evidence to support her claim of financial need and defendant's ability to pay, as well as the reasonableness of the fees requested, we vacate the trial court's award of attorney fees and remand this matter to the trial court for plaintiff to "provide the evidence necessary to meet her burden of proof" with respect to these issues and for a redetermination of plaintiff's request for attorney fees. *Ewald*, 292 Mich App at 726.

In light of our decision, it is unnecessary to address defendant's remaining issues on appeal.

Vacated in part and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Joel P. Hoekstra
/s/ Patrick M. Meter
/s/ Kirsten Frank Kelly

---

the FOC referee could determine whether that sum should be considered part of defendant's income even though he turned it over to the bankruptcy trustee.

-3-