*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SOUTHEAST MICHIGAN SURGICAL HOSPITAL,

        Plaintiff-Appellee,

v

AUTO CLUB INSURANCE ASSOCIATION,

        Defendant-Appellant.

UNPUBLISHED
July 2, 2020

No. 348626
Wayne Circuit Court
LC No. 19-000222-AV

Before: STEPHENS, P.J., and O'BRIEN and REDFORD, JJ.

PER CURIAM.

The issue in this case is whether a healthcare provider sending a bill to a no-fault insurer amounts to written notification of a claim under MCL 500.3112 of the no-fault act. The district court ruled that it did, and the circuit court denied defendant leave to appeal. We granted defendant's application for leave to appeal,[1] and now reverse.

## I. BACKGROUND

In June 2016, David Toma was injured in a motor vehicle accident. Toma was insured by defendant. In July 2017, Toma sued defendant for recovery of personal protection insurance (PIP) benefits.

On August 1, 2017, Toma received medical services from plaintiff. That same day, Toma and plaintiff executed an assignment of rights, in which Toma assigned to plaintiff the right to collect no-fault benefits on Toma's behalf to pay for plaintiff's services. Plaintiff sent Toma's medical bills to defendant, and defendant received those bills on August 28, 2017. In May 2018,

---

[1] *Southeast Mich Surgical Hosp v Auto Club Ins Ass'n*, unpublished order of the Court of Appeals, entered June 7, 2019 (Docket No. 348626).

Toma and defendant reached a settlement. As part of that settlement, Toma released defendant from all PIP claims incurred from the date of the accident through April 10, 2018.

On July 2, 2018, plaintiff sued defendant requesting payment for the services plaintiff provided to Toma in August 2017. Plaintiff attached to its complaint the assignment of rights executed by Toma. Defendant moved for summary disposition under MCR 2.116(C)(7) and (10), arguing that plaintiff's claim was barred by defendant's settlement agreement with Toma. The district court requested additional briefing on whether the medical bill that defendant received on August 28, 2017, was sufficient to place defendant on notice of plaintiff's claim under MCL 500.3112. That statute states in relevant part, "Payment by an insurer in good faith of personal protection insurance benefits, to or for the benefit of a person who it believes is entitled to the benefits, discharges the insurer's liability to the extent of the payments *unless the insurer has been notified in writing of the claim of some other person*." MCL 500.3112 (emphasis added). After receiving the additional briefing, the district court denied defendant's motion.

Defendant filed for leave to appeal in the circuit court, which the circuit court denied. Defendant then filed for leave to appeal in this Court, which was granted.

## II. STANDARD OF REVIEW

This Court reviews a circuit court's denial of an application for leave to appeal for an abuse of discretion. *Teddy 23 v Mich Film Office*, 313 Mich App 557, 564; 884 NW2d 799 (2015). An error of law is necessarily an abuse of discretion. *Kidder v Ptacin*, 284 Mich App 166, 170; 771 NW2d 806 (2009).

This Court reviews de novo a trial court's decision to grant or deny summary disposition. *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005). Defendant moved for summary disposition under MCR 2.116(C)(7) and (10). MCR 2.116(C)(7) permits summary disposition where a claim is barred by release. *Maiden v Rozwood*, 461 Mich 109, 118 n 3; 597 NW2d 817 (1999). MCR 2.116(C)(10) permits summary disposition where "there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law."

This case ultimately comes down to whether the district court correctly interpreted MCL 500.3112, and, relatedly, whether the circuit court made an error of law by accepting the district court's interpretation. Thus, this case turns on an issue of statutory interpretation, and issues of statutory interpretation are reviewed de novo. *Hannay v Dep't of Transp*, 497 Mich 45, 57; 860 NW2d 67 (2014).

## III. ANALYSIS

The facts in this case are not in dispute. Plaintiff provided medical services to Toma on August 1, 2017. On the same date, Toma assigned to plaintiff his rights to collect no-fault benefits for those services. On August 28, 2017, defendant received plaintiff's bill for those services. In May 2018, Toma and defendant reached a settlement agreement wherein Toma released defendant from any PIP claims incurred from the date of the accident through April 10, 2018.

The question on appeal is whether that settlement agreement discharged defendant's liability to plaintiff, who was seeking to collect from defendant by way of an assignment of rights from Toma. The answer to this question turns on MCL 500.3112, which at the time relevant to this appeal stated:

> Personal protection insurance benefits are payable to or for the benefit of an injured person or, in case of his or her death, to or for the benefit of his or her dependents. *Payment by an insurer in good faith of personal protection insurance benefits, to or for the benefit of a person who it believes is entitled to the benefits, discharges the insurer's liability to the extent of the payments unless the insurer has been notified in writing of the claim of some other person.* If there is doubt about the proper person to receive the benefits or the proper apportionment among the persons entitled to the benefits, the insurer, the claimant, or any other interested person may apply to the circuit court for an appropriate order. [Emphasis added.]

Based on MCL 500.3112, if defendant (the insurer) had "been notified in writing of the claim of some other person," like plaintiff,[2] then defendant's settlement with Toma did not successfully discharge defendant's liability to pay Toma's no-fault benefits to plaintiff.

In *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191, 195; 895 NW2d 490 (2017), our Supreme Court held that a healthcare provider like plaintiff does not possess a statutory cause of action to recover PIP benefits from a no-fault insurer like defendant.[3] During the course of that opinion, the Court addressed the definition of "claim" under MCL 500.3112, stating:

> Because the no-fault act does not define "claim," we may consult a dictionary definition. The relevant dictionary definitions of "claim" include "a demand for something due or believed to be due" and "a right to something." *Merriam-Webster's Collegiate Dictionary* (11th ed). Therefore, to have a "claim" under the no-fault act, a provider must have a right to payment of PIP benefits from a no-fault insurer. [*Covenant*, 500 Mich at 211 n 31 (citation omitted).]

We find this portion of *Covenant* dispositive for the issue on appeal. "Claim," as that term is used in MCL 500.3112, means "a right to payment of PIP benefits from a no-fault insurer." *Id*. The bill that plaintiff sent to defendant merely put defendant on notice that plaintiff provided medical services to Toma; it did not put defendant on notice that plaintiff had a "claim" to PIP benefits. As held by *Covenant*, plaintiff did not have a statutory cause of action for PIP benefits from defendant, but could recover PIP benefits if the insured (Toma) assigned his rights to plaintiff. See

---

[2] Because the parties do not address it, we assume for purposes of this opinion that "person" in MCL 500.3112 includes healthcare providers like plaintiff.

[3] The no-fault act was substantially amended by 2019 PA 21, effective June 11, 2019, but "this case was commenced before the amendment and, therefore, it is controlled by the former provisions of the no-fault act." *George v Allstate Ins Co*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 341876); slip op at 3 n 3.

*id*. at 218 n 40. Thus, defendant would only be on notice that plaintiff had a "claim" under MCL 500.3112—meaning that plaintiff had "a right to payment of PIP benefits from a no-fault insurer," *id*. at 211 n 31—if plaintiff provided defendant with notice of the assignment of rights plaintiff executed with Toma. Toma's medical bill from plaintiff, without more, did not put defendant on notice that plaintiff had a "claim" under MCL 500.3112.

Plaintiff argues that we should disregard *Covenant*'s discussion of MCL 500.3112 because it was done in context of deciding whether a healthcare provider had a statutory cause of action against a no-fault insurer, not deciding what constituted a "claim" under MCL 500.3112. While true, we do not see that as a reason to ignore *Covenant*'s clear explanation for what constitutes a "claim" under MCL 500.3112.[4]

Alternatively, plaintiff contends that we should define "claim" by looking to a dictionary. We see no need to consult a dictionary because our Supreme Court in *Covenant* already instructed us as to the meaning of "claim" as used in MCL 500.3112. Moreover, the *Covenant* Court consulted a dictionary to derive the meaning "claim," and we see nothing wrong with the definition that the *Covenant* Court arrived at. We therefore reject plaintiff's invitation to consult a dictionary to derive our own, different meaning.

In sum, our Supreme Court in *Covenant* explained that "to have a 'claim' under the no-fault act, a provider must have a right to payment of PIP benefits from a no-fault insurer." *Covenant*, 500 Mich at 211 n 31. Because healthcare providers only have a right to payment of PIP benefits from a no-fault insurer if they have an assignment of rights from the insured, a medical bill without an accompanying notice of an assignment of rights is not notice of a claim under MCL 500.3112. Thus, defendant was not "notified in writing of the claim of some other person,"[5] so its

---

[4] As part of its argument, plaintiff contends that *Covenant* is not controlling because it never analyzed the phrase "notified in writing of a claim." Yet everyone agrees that defendant was "notified in writing of" plaintiff's medical bill for Toma. The only question is what that bill notified defendant of. That is, the only question is whether the bill notified defendant of plaintiff's *claim*. Thus, *Covenant*'s explanation of what constitutes a "claim" is directly on point.

[5] We question whether plaintiff, as a healthcare provider, is a "person" that can make a claim under MCL 500.3112. When discussing the sentence at issue, our Supreme Court in *Covenant* stated:

> We need not decide precisely to whom this sentence applies in order to conclude that it does not confer on a healthcare provider the right to sue for payment of benefits. It seems, however, that this sentence is likely applicable primarily to dependents and survivors given that the end of the statute pertains to the allocation of benefits to those groups of persons. [*Covenant*, 500 Mich at 211 n 32.]

More pointedly, the *Covenant* Court stated:

> Plaintiff argues that a healthcare provider qualifies as a "person" for purposes of the third sentence of MCL 500.3112 given that the Insurance Code, in MCL 500.114, defines the word "person" to include corporate entities, like healthcare providers. But this Court long ago recognized that, given its inconsistent use

settlement with Toma discharged its liability.  MCL 500.3112.  Defendant was therefore entitled to summary disposition.

Reversed.

/s/ Cynthia Diane Stephens
/s/ Colleen A. O'Brien
/s/ James Robert Redford

---

throughout the no-fault act, "the term 'person' must be construed in the exact context in which it is used to ascertain its precise meaning." *Belcher v Aetna Cas and Surety Co*, 409 Mich 231, 258; 293 NW2d 594 (1980).  Plaintiff has not explained why "person," in the context of the third sentence of MCL 500.3112, refers to a corporate entity like a healthcare provider.  [*Covenant*, 500 Mich at 212 n 33.]

Given our disposition of this case, we need not address whether plaintiff is a "person" to which MCL 500.3112 applies.