*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BASMAN AJA,

       Plaintiff-Appellant,

and

ALEXANDRA PHYSICAL THERAPY, LLC,[1]

       Intervening Plaintiff,

v

PROGRESSIVE MICHIGAN INSURANCE
COMPANY,

       Defendant-Appellee.

UNPUBLISHED
April 4, 2024

No. 364314
Wayne Circuit Court
LC No. 20-016415-NF

Before: GARRETT, P.J., and RIORDAN and LETICA, JJ.

PER CURIAM.

       In this no-fault action, plaintiff appeals as of right the trial court's stipulated order of dismissal, which dismissed all claims against defendant. However, plaintiff does not challenge entry of the stipulated order of dismissal but, instead, challenges the court orders pertaining to the reinstatement of certain medical bills. We affirm.

## I. FACTUAL BACKGROUND

       On December 17, 2019, plaintiff was driving in the area of Ten Mile Road and Groesbeck Highway when another driver failed to yield to the right of way, resulting in an accident, and

---

[1] While Alexandra Physical Therapy, LLC, is listed as an intervening plaintiff, that party was dismissed in a previous stipulated order of dismissal and is not involved in the instant appeal.

leaving plaintiff with serious and permanent injuries. Plaintiff was insured by defendant at the time of the aforementioned car accident. Plaintiff subsequently received treatment for injuries sustained in the underlying incident and he acquired bills from various medical providers, including Physiatry & Rehab Associates, doing business as Columbia Clinic Pain & Spine Institute (Columbia Clinic), and Capital Healthcare, LLC, also known as Capital Surgery Center (Capital Surgery). Plaintiff received services from Columbia Clinic between December 19, 2019, and March 5, 2020, and from Capital Surgery on March 5, 2020. In connection with the treatment that the aforementioned providers rendered, plaintiff executed assignments to each of them, both of which occurred before plaintiff filed suit in the instant case. In each assignment, plaintiff transferred his right to collect insurance benefits related to the treatment he received from each provider.

On December 17, 2020, plaintiff filed a complaint seeking payment of personal injury protection (PIP) benefits from defendant. Plaintiff alleged that he incurred allowable expenses under the no-fault act, MCL 500.3101 *et seq*., due to the injuries resulting from the accident; however, defendant failed to pay as required. Defendant subsequently moved for partial summary disposition of plaintiff's claims for PIP benefits under MCR 2.116(C)(8) (failure to state a claim upon which relief can be granted) and (C)(10) (no genuine issue of material fact). In its motion, defendant argued that plaintiff was not eligible to claim PIP benefits because he assigned his rights to pursue PIP benefits for medical treatment to the providers. Plaintiff opposed the motion, arguing that he had the right to pursue PIP benefits against defendant notwithstanding the assignments because the aforementioned assignments were mutually revoked on January 21, 2022.

The trial court granted in part, and denied in part, defendant's motion for partial summary disposition, stating that plaintiff's claims for treatment concerning Columbia Clinic and Capital Surgery were dismissed with prejudice unless plaintiff provided the court with a dismissal order addressing the pending suit between defendant and the aforementioned medical providers, which was initiated separately by the providers on July 22, 2021. The trial court instituted a deadline of March 3, 2022, regarding the dismissal order. However, the matter between defendant, Columbia Clinic, and Capital Surgery was not dismissed until June 6, 2022.

On August 1, 2022, plaintiff filed a motion to "reinstate provider bills," contending that he had no control over when the provider action involving defendant would be dismissed as he was not privy to that case. However, plaintiff observed, due to the subsequent dismissal of this matter, defendant rejected liability regarding those bills, exposing plaintiff personally to significant treatment costs. Defendant responded that plaintiff lacked the requisite standing to pursue the medical provider bills due to his previous valid assignments, and his subsequent revocations were unenforceable because the relevant documents were not signed by plaintiff nor by an agent of Columbia Clinic or Capital Surgery. Following a hearing, the trial court denied plaintiff's motion to reinstate provider bills, opining that (1) there were multiple discovery delays in this case, (2) the revocations of assignments were not properly signed identifying the name of the person that signed them or their position in context to the parties, (3) plaintiff presented no proof that the provider bills remained outstanding and had not been sold or assigned to a third party, and (4) the pending trial was scheduled for October 31, 2022, and discovery already concluded. This appeal ensued.

## II. ASSIGNMENTS

Plaintiff argues that the trial court abused its discretion, or otherwise erred, when it denied his motion to reinstate provider bills because (1) the evidentiary record does not indicate that the medical providers sold or assigned their right to recover payment to a third party, (2) plaintiff properly revoked his assignments of rights to the medical providers, (3) the one-year-back rule did not bar plaintiff's claims, and (4) defendant delayed the dismissal of the provider action, leading to complications regarding plaintiff's attempts to reinstate his medical-provider claims. We disagree.

"This Court reviews for abuse of discretion a trial court's decision concerning a motion to reinstate an action." *Kidder v Ptacin*, 284 Mich App 166, 170; 771 NW2d 806 (2009) (quotation marks and citation omitted). "[A]n abuse of discretion standard acknowledges that there will be circumstances in which there will be no single correct outcome; rather, there will be more than one reasonable and principled outcome." *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006) (quotation marks and citation omitted). "When the trial court selects one of these principled outcomes, the trial court has not abused its discretion and, thus, it is proper for the reviewing court to defer to the trial court's judgment." *Id*. (cleaned up).

Under MCL 500.3107, PIP benefits are payable for "[a]llowable expenses consisting of reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." MCL 500.3107(1)(a). "The no-fault act allows injured claimants to pursue recovery of PIP benefits themselves or they may assign their right to recovery to their medical providers." *Wallace v Suburban Mobility Auth for Regional Transp*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 360537); slip op at 3. "A valid assignment occurs when the assignor manifests an intent to transfer and must not retain any control or any power of revocation." *Id*. (cleaned up).

"When an assignment occurs, the assignee of a cause of action becomes *the real party in interest* with respect to that cause of action, inasmuch as the assignment vests in the assignee all rights previously held by the assignor." *Farrar v Suburban Mobility Auth for Regional Transp*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket Nos. 358872 and 358884); slip op at 5 (quotation marks and citation omitted). "A real party in interest is the one who is vested with the right of action on a given claim, although the beneficial interest may be in another." *Id*. (quotation marks and citation omitted). "The real-party-in-interest doctrine recognizes that litigation should be begun only by a party having an interest that will assure sincere and vigorous advocacy and protects a defendant from multiple lawsuits for the same cause of action." *Id*. at 6 (quotation marks and citation omitted).

When plaintiff commenced this action on December 17, 2020, he was not the real party in interest because his right to recover the unpaid medical bills at issue was divested by virtue of the assignments executed on March 5, 2020, regarding Columbia Clinic, and July 7, 2020, concerning Capital Surgery. See *Estate of Maki v Coen*, 318 Mich App 532, 539; 899 NW2d 111 (2017) (providing that the real party in interest rule "requir[es] that the claim be prosecuted by the party who by the substantive law in question owns the claim that is asserted in the complaint") (quotation marks and citation omitted). As explained earlier, following the assignment of these claims, the "assignee of a cause of action becomes the real party in interest with respect to that cause of action, inasmuch as the assignment vests in the assignee all rights previously held by the assignor." *Cannon Twp v Rockford Pub Sch*, 311 Mich App 403, 412; 875 NW2d 242 (2015). "An assignee

stands in the position of the assignor, possessing the same rights and being subject to the same defenses." *Burkhardt v Bailey*, 260 Mich App 636, 653; 680 NW2d 453 (2004). Consequently, the medical providers as assignees held the right to seek to recover the unpaid medical bills, and plaintiff no longer had a cause of action to pursue, having transferred it away to Columbia Clinic and Capital Surgery.

Although Columbia Clinic and Capital Surgery, as the real parties in interest, maintained the right to bring an action to recover the unpaid medical bills, the evidentiary record indicates that neither medical provider exercised the rights embedded in their respective assignments by bringing suit within a year of providing services. MCL 500.3145(2). Columbia Clinic provided services to plaintiff between December 19, 2019 and March 5, 2020, and Capital Surgery provided services on March 5, 2020. The assignment regarding Columbia Clinic was executed on March 5, 2020, and the assignment regarding Capital Surgery was executed on July 7, 2020. However, Columbia Clinic and Capital Surgery neglected to file their complaint against defendant regarding the underlying claims until July 22, 2021, more than one year after the services were provided. Thus, the claims of Columbia Clinic and Capital Surgery were barred by the one-year-back rule. *Id.*

The instant matter is similar to the circumstances in *Wallace*, which featured a claimant, like plaintiff, seeking the recovery of medical bills that were assigned before the initiation of litigation. However, at the time of the subsequent revocation of assignment, the medical providers no longer maintained a viable, transferrable right to recover PIP benefits because they failed to comply with the one-year-back rule. See *Wallace*, ___ Mich App at ___; slip op at 6 (noting that "when the transfer of the beneficial interest from the medical providers to plaintiff occurred in this case, the medical providers did not transfer an interest in a claim to which liability attached"). Consequently, the medical providers' rights under the assignment were statutorily barred. *Id.*

Here, while plaintiff timely sued to recover the cost of the medical services, as he filed his complaint on December 17, 2020, he previously had assigned those rights to the medical providers. Plaintiff attempted to remedy the aforementioned circumstances by executing revocation agreements during the course of the trial-court proceedings, which contained language similar to a *nunc pro tunc* clause in an attempt to essentially eradicate the original assignments. However, this Court has denied such "creative solutions," and explained that obtaining revocations from medical providers does not otherwise save a plaintiff's claims because "one must be the real party in interest at the time the lawsuit is filed, and a retroactive, or *nunc pro tunc*, revocation may not be used to correct a factual problem that existed when the lawsuit was filed." *Wallace*, ___ Mich App at ___; slip op at 5 (quotation marks and citation omitted). *Wallace* further explained:

> While plaintiff and her medical providers were at liberty to mutually decide to revoke the assignments, the revocations were effective as of the date that the revocations were executed and could not essentially eliminate the fact that the assignments had occurred prior to plaintiff filing suit. And, the medical providers had no timely claims to return to plaintiff as of the date of the revocations because the revocations occurred more than a year after services were rendered. Thus, the mutual revocations did not reassign any timely claims to plaintiff. [*Id.* (quotation marks and citation omitted).]

Consequently, much like in *Wallace*, "when plaintiff obtained the revocations, each provider's right to collect on these claims for benefits had already been extinguished by the one-year-back rule. Thus, there remained no actionable causes of action to give back to plaintiff." *Id*. at ___; slip op at 6.

Plaintiff argues that the trial court erroneously concluded that his assignment revocations were invalid because the relevant documents were signed by both assignor and assignees, and defendant's claims that the representatives signing the document lacked the requisite authority to do so are misplaced. However, the validity of the underlying revocation instruments is irrelevant, because "[w]hen the medical providers revoked their assignments for the benefit of plaintiff to pursue [his] claims after the litigation began, the medical providers could no longer recover their claims by operation of the one-year-back rule," as explained prior. *Wallace*, ___ Mich App at ___; slip op at 6. Under MCL 500.3145(2), a "claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced." "The one-year-back rule is designed to limit the amount of benefits recoverable under the no-fault act to those losses occurring no more than one year before an action is brought." *Farrar*, ___ Mich App at ___; slip op at 4 (quotation marks and citation omitted). In *Farrar*, this Court explained that due to the medical provider treating the plaintiff on March 6, 2019, the medical provider "was required to file its complaint by March 6, 2020, to ensure its lawsuit could proceed." *Id*. However, the medical provider neglected to file its intervening complaint until February 11, 2021, almost two years after the accident. *Id*. *Farrar* concluded, "Accordingly, under the express language of the one-year-back rule, [the medical provider] is barred under MCL 500.3145(2) from recovering any benefits that it incurred before February 11, 2020." *Id*. In the instant case, Columbia Clinic and Capital Surgery filed suit on July 22, 2021, approximately one year and four months after they provided services to plaintiff, and any liability for their claims was extinguished by the time plaintiff received the revocations of the assignments in January 2022.

Plaintiff also advances that the trial court incorrectly opined that he repeatedly failed to follow its various discovery orders, in addition to the court's March 3, 2022 deadline regarding dismissal of the lawsuit between defendant and the medical providers. The trial court refused to specify which orders plaintiff allegedly breached. However, we note that concerning the March 3, 2022 deadline, it is unclear how plaintiff was responsible for the parties' refusal to agree to a dismissal when plaintiff was not a party to the suit between defendant, Columbia Clinic, and Capital Surgery. The medical providers purportedly sought a stipulation from defendant to dismiss the required action; however, defendant refused, delaying the dismissal past the court's instituted deadline. In any event, even if the parties complied with the mandated March 3, 2022 deadline regarding the dismissal of the provider suit, the matter of plaintiff bringing suit when he was not the real party in interest remains an insurmountable obstacle to obtaining relief due to the previous assignments.

Plaintiff further argues that the evidentiary record does not indicate that the medical providers sold or assigned their rights to recover payment to a third party. We agree that there is insufficient proof Columbia Clinic or Capital Surgery assigned or sold their respective interests to recover payment. Nonetheless, the previous assignments involving plaintiff and the aforementioned providers, in conjunction with the ill timing of the subsequent revocations, established that plaintiff was unable to sue to recover the bills associated with Columbia Clinic and Capital Surgery because he was not the real party in interest at the time of filing. In light of

-5-

these circumstances, the trial court did not abuse its discretion when it denied plaintiff's motion to reinstate the provider bills related to Columbia Clinic and Capital Surgery.

## III.  CONCLUSION

The trial court did not abuse its discretion by denying the motion at issue.  We affirm.

/s/ Kristina Robinson Garrett
/s/ Michael J. Riordan
/s/ Anica Letica